**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

JOCELYN MCLEAN                                                               PLAINTIFF

V.                                      CIVIL ACTION NO. 3:22cv33-MPM-JMV

FORMER MISSISSIPPI DEPUTY CHIEF
MEDICAL EXAMINER J. BRENT DAVIS,
M.D.; FORMER MISSISSIPPI CHIEF
MEDICAL EXAMINER LIAM FUNTE, M.D.,
PH.D (f/k/a LISA FUNTE); TALLAHATCHIE
COUNTY CORONER GINGER MERIWETHER;
TALLAHATCHIE COUNTY, MISSISSIPPI; AND
MISSISIPPI BUREAU OF INVESTIGATION
SPECIAL AGENT JOSEPH MAUNEY                      DEFENDANTS

**SEPARATE ANSWER AND DEFENSES OF TALLAHATCHIE COUNTY
MISSISSIPPI AND GINGER MERIWETHER,
TALLAHATCHIE COUNTY CORONER**

      COME NOW Tallahatchie County, Mississippi, and its Coroner, Ginger Meriwether, two defendants in and to the above styled and numbered cause, by and through counsel. and file this their Joint and Separate Answer and Defenses to the Complaint filed against them in this matter, each affirmatively denying that Plaintiff is entitled to recover any sum or form of relief whatsoever from either or both of these answering Defendants, further showing unto the Court as follows:

**FIRST DEFENSE**

      The Complaint fails to state a claim against these Defendants upon which relief can be granted and should, accordingly, be dismissed.

1

**SECOND DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively aver that Plaintiff's Complaint fails to join necessary and indispensable parties and should, therefore, be dismissed.

**THIRD DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively plead the defense and doctrine of qualified immunity in opposition and bar to Plaintiff's claim as against Defendant Ginger Meriwether, specifically alleging that she did not violate any constitutional or statutory right of Plaintiff's which was clearly established at the time of the events complained of in Plaintiff's Complaint, nor was Defendant Meriwether's conduct objectively unreasonable in light of any clearly established law. Plaintiff cannot, accordingly, recover of, from or against Ginger Meriwether herein.

**FOURTH DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively aver that the actions of Defendant Ginger Meriwether at all times mentioned in the Complaint were reasonable, justified, and were not deliberately indifferent to the constitutional rights of Plaintiff under the circumstances which then and their existed, and Defendants herein are therefore not liable to Plaintiff directly or vicariously.

**FIFTH DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants plead and invoke the protections of the Eleventh Amendment to the United States Constitution, together with all privileges and immunities conferred and provided therein for these Defendants.

**SIXTH DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively plead and invoke all and singular of the rights, authority, privileges and immunities contained and set forth in the Mississippi Medical Examiner Act of 1986, as amended [Miss. Code Ann. §§41-61-51, *et seq*] (2021), including (but not limited to) the good faith immunity provisions contained in §41-61-65(2).

**SEVENTH DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively invoke, plead and claim all and singular of the rights, immunities, exemptions and privileges contained and set forth in the Mississippi Tort Claims Act [Miss. Code Ann. §§11-46-1, *et seq*], including (but not limited to) exemptions set forth in Miss. Code Ann. §11-46-9(1)(a)-(y), *inclusive* (2021), as amended.

**EIGHTH DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively invoke, plead and aver the doctrine of laches and/or any and all applicable statutes of limitation in bar to Plaintiff's claims as against these Defendants.

**NINTH DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively invoke, plead and claim all and singular of the terms, protections and provisions of Miss. Code Ann. §§11-1-60, 11-7-15, and 85-5-7 (2021), as amended.

**TENTH DEFENSE**

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively aver that Plaintiff's claim for punitive damages is governed and limited by Miss. Code Ann. §11-

1-65, these Defendants plead and invoke the provisions of same, including but not limited to the bifurcation of punitive damages from other issues in this cause, affirmatively denying that Plaintiff is entitled to punitive and/or exemplary damages as against these Defendants for any reason whatsoever.

## ELEVENTH DEFENSE

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively aver that Plaintiff's claimed injuries and damages, if any there be, were proximately caused and/or contributed to by the independent, intervening, and/or superseding actions and/or omissions of others for which neither of these Defendants can be liable, nor can Plaintiff recover of, from or against these Defendants, nor either of them.

## TWELFTH DEFENSE

Without waiving any defense herein elsewhere asserted, these Defendants affirmatively aver that Defendant Ginger Meriwether acted at all times in good faith, fully discharged all of her duties as a coroner in the manner and time prescribed by law, and is not liable to Plaintiff for any sum or form of relief whatsoever.

## THIRTEENTH DEFENSE

Without waiving any defense herein elsewhere asserted, these Defendants plead and invoke all applicable limitations of liability provided for in the Tort Reform Act of 2004 to the extent the same is or may be applicable to these Defendants, or either of them.

## FOURTEENTH DEFENSE

Without waiving any defense herein elsewhere asserted, these Defendants respond to the Complaint, paragraph by paragraph as follows:

These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first unnumbered paragraph of the Complaint as it appears on pages 1 and 2 thereof, and therefore deny the same.

These Defendants affirmatively respond to the second unnumbered paragraph of the Complaint which appears on page 2 thereof that the autopsy report referred to therein speaks for itself and, to the extent the allegations of said paragraph depart from, alter, change or otherwise amend the content of said report, then they are denied; these Defendants deny the rest and remainder of the second unnumbered paragraph which appears on page 2 of the Complaint as phrased.

The allegations contained in the third unnumbered paragraph of the Complaint beginning on page 2 of the Complaint do not apply to these Defendants and no answer is or should be required of them; if said allegations are intended to allege or infer that either of these Answering Defendants are or might be liable to Plaintiff either directly or by inference, then this paragraph is denied by these Defendants.

These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in that certain fourth unnumbered paragraph of the Complaint which begins at the bottom of page 2 thereof, and therefore denies the same.

The allegations contained in the fifth unnumbered paragraph of the Complaint beginning at the top of page 3 of the Complaint do not apply to these Defendants and no answer is or should be required of them; if said allegations are intended to allege or infer that either of these Answering Defendants are or might be liable to Plaintiff either directly or by inference, then this paragraph is denied by these Defendants.

These Defendants deny that they, or either of them, concurred in any fabrication or fabricated conclusion as mentioned in that certain sixth unnumbered paragraph of the Complaint beginning on page 3 of the Complaint and continuing over to page 4 thereof; these Defendants deny each and every allegation and averment directed at Coroner Ginger Meriwether in said paragraph, who denies that she committed any act of misconduct or omission with regard to Plaintiff herein. These Defendants finally deny that they, or either of them, fabricated and/or failed to account for or properly process the body of the infante referred to in said sixth unnumbered paragraph, affirmatively aver that Ginger Meriwether hand-delivered medical records available to her from the University of Mississippi Medical Center pertinent to the deceased infant, and all Tallahatchie General Hospital records available to her and pertinent to the deceased infant, to the medical examiner's office. These Defendants deny the rest and remainder of the allegations contained in the unnumbered paragraph six of the Complaint.

These Defendants deny that they, or either of them, had any role or causative impact on the damage, injuries, wrongs and complaints Plaintiff refers to in the seventh unnumbered paragraph of the Complaint which appears at the top of page 4 thereof, and deny all and singular of the allegations therein.

These Defendants further respond to the Complaint and its numbered paragraphs as follows:

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore deny same.

2. The allegations contained in paragraph 2 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however,

6

answer be required of either and/or both of these answering Defendants to paragraph 2 of the Complaint, then the same is denied.

3. The allegations contained in paragraph 3 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, answer be required of either and/or both of these answering Defendants to paragraph 3 of the Complaint, then the same is denied.

4. The allegations contained in paragraph 4 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, answer be required of either and/or both of these answering Defendants to paragraph 4 of the Complaint, then the same is denied.

5. These Defendants deny that the Coroner of Tallahatchie County is a final policymaker in or for Tallahatchie County, Mississippi; these Defendants admit that Ginger Meriwether was the elected Coroner of Tallahatchie County, Mississippi; These Defendants affirmatively aver that Ginger Meriwether acted reasonably, rationally, and wholly in compliance with applicable statutes, rules, regulations and training she received consistent with her medical training; These Defendants deny the rest and remainder of paragraph 5 of the Complaint as phrased.

6. These Defendants admit that Tallahatchie County is a political subdivision of the State of Mississippi; the rest and remainder of paragraph 6 of the Complaint is denied.

7. The allegations contained in paragraph 7 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, answer be required of either and/or both of these answering Defendants to paragraph 7 of the Complaint, then the same is denied.

8. These Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. The assertions in paragraph 9 of the Complaint are statements of Plaintiff's intent and do not require answer of these Defendants; if answer be required, then these Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. These Defendants admit that this Court has subject matter jurisdiction over this matter; as regards the rest and remainder of paragraph 10 of the Complaint, these Defendants deny same.

11. These Defendants admit the allegations contained in paragraph 11 that venue is proper in this Court; any remaining allegations contained in paragraph 11 of the Complaint are denied.

12. These Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, and defer to any existing medical records pertinent to said allegations; to the extent the allegations contained in paragraph 12 of the Complaint differ from the medical record, if any, they are denied; otherwise, these Defendants deny the rest and remainder of the allegations contained in paragraph 12 of the Complaint.

13. These Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, and defer to any existing medical records pertinent to said allegations; to the extent the allegations contained in paragraph 13 of the Complaint differ from the medical record, if any, they are denied; otherwise, these Defendants deny the rest and remainder of the allegations contained in paragraph 13 of the Complaint.

14. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 regarding the discharge and condition of

Emberly McLean thereupon as alleged, and therefore deny the same; These Defendants affirmatively aver that the autopsy results speak for themselves; otherwise, these Defendants deny the rest and remainder of the allegations contained in paragraph 14 of the Complaint.

15. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and therefore deny the same.

16. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint, and therefore deny the same.

17. These Defendants admit that Emberly McLean received emergency medical treatment at Tallahatchie General Hospital's Emergency Department, which treatment is detailed in, on and upon the medical record pertinent thereto; to the extent that the allegations contained in paragraph 17 of the Complaint depart from or are different from the official medical record maintained by Tallahatchie General Hospital and/or LeBonheur Hospital for the treatment in question, then they are denied.

18. These Defendants do not know what or when medical staff at Tallahatchie General Hospital made decisions, but defer to the medical record maintained by and at Tallahatchie General Hospital and/or LeBonheur Hospital pertinent thereto; to the extent that the allegations contained in paragraph 18 of the Complaint depart from or are different from the official medical record maintained by Tallahatchie General Hospital and/or LeBonheur Hospital for the treatment in question, then they are denied.

19. Except to state that the medical records of Tallahatchie General Hospital and Le Bonheur pertaining to care and treatment provided to Emberly McLean during the subject

9

encounter, viewed in their entirety, will speak for themselves, these Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. These Defendants admit that Coroner Ginger Meriwether was notified of the death of Emberly McLean; Coroner Meriwether's report speaks for itself; she affirmatively avers that all medical records available to her at the time of death were attached to her report, that some but not all medical intervention apparatus were attached to Emberly's body, but that the nature and extent of medical intervention undertaken to try to save her life were well-documented in Coroner Meriwether's report which was hand-delivered by her to the Medical Examiner's Office when Emberly's body was transferred there on or about September 22, 2016. These Defendants deny the rest and remainder of the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. These Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. These Defendants affirmatively aver that Coroner Meriwether substantially complied with all requirements of the CDC SUIDI form referred to in paragraph 23 of the Complaint; they deny the rest and remainder of the allegations contained in paragraph 23 of the Complaint.

24. The SUIDI form and instructions pertaining thereto speak for themselves; to the extent paragraph 24 of the Complaint depart therefrom, it is denied.

25. The SUIDI form and instructions pertaining thereto speak for themselves; to the extent paragraph 25 of the Complaint depart therefrom, it is denied.

26. These Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. The autopsy report and documents generated in connection therewith by Dr. Davis and any other employee of the State Medical Examiner's Office and/or State Crime Lab speak for themselves; to the extent paragraph 27 of the Complaint departs therefrom, it is denied.

28. The autopsy report and documents generated in connection therewith by Dr. Davis and any other employee of the State Medical Examiner's Office and/or State Crime Lab speak for themselves; to the extent paragraph 28 of the Complaint departs therefrom, it is denied.

29. On information and belief these Defendants admit the observed injuries referred to in paragraph 29 of the Complaint are or could be consistent with medical interventions described therein; the remaining allegations contained in paragraph 29, if any, are denied.

30. The autopsy report and documents generated in connection therewith by Dr. Davis and any other employee of the State Medical Examiner's Office and/or State Crime Lab speak for themselves; to the extent paragraph 30 of the Complaint departs therefrom, it is denied.

31. The allegations contained in paragraph 31 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

32. These Defendants admit that the report of Coroner Meriwether set forth and documented numerous references and indicia of medical intervention by health care workers for and on behalf of Emberly McLean on the occasion of her death; the remaining allegations contained in paragraph 32 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

33. The allegations contained in paragraph 33 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any

allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

34. The allegations contained in paragraph 34 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

35. The allegations contained in paragraph 35 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

36. These Defendants admit the allegations contained in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

38. The autopsy report and documents generated in connection therewith by Dr. Davis and any other employee of the State Medical Examiner's Office and/or State Crime Lab speak for themselves; to the extent paragraph 38 of the Complaint departs therefrom, it is denied.

39. The allegations contained in paragraph 39 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

40. These Defendants admit the allegations contained in paragraph 40 of the Complaint.

41. These Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint, and therefore deny same.

43. The allegations contained in paragraph 43 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; further, these Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

44. The allegations contained in paragraph 44 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; further, these Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

45. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint, and therefore deny same.

46. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint, and therefore deny same.

47. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint, and therefore deny same.

48. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint, and therefore deny same.

49. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint, and therefore deny same.

50. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint, and therefore deny same.

51. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint, and therefore deny same.

52. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint, and therefore deny same.

53. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, and therefore deny same.

54. These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint, and therefore deny same.

55. The allegations contained in paragraph 55 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; further, these Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

56. These Defendants aver that Dr. Davis received all and pertinent medical records and investigative reports explaining the medical interventions performed by health care providers in the attempt to save the life of Emberly McLean, which records and report of interventions were provided by Defendant Coroner Ginger Meriwether to Dr. Davis upon the occasion of submitting Emberly's body for forensic autopsy in September of 2016. The remaining allegations contained in paragraph 56 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; if, however, any allegation contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

57. The allegations contained in paragraph 57 of the Complaint do not pertain to these Defendants and no answer is or should be required of them, or either of them; further, these Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint; if, however, any allegation

15

contained therein is intended to allege or infer liability against either of answering Defendants herein to Plaintiff, then the same is denied.

58. These Defendants deny that any act of commission or omission by either of these answering Defendants caused or contributed to the arrest, detention and prosecution of Plaintiff; These Defendants deny the rest and remainder of the allegations contained in paragraph 58 of the Complaint.

## COUNT ONE

59. These Defendants incorporate herein by reference for all purposes all and singular of their affirmative averments, defenses, admissions and denials heretofore set forth.

60. These Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. These Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. These Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. These Defendants deny the allegations contained in paragraph 63 of the Complaint.

## COUNT TWO

64. These Defendants incorporate herein by reference for all purposes all and singular of their affirmative averments, defenses, admissions and denials heretofore set forth.

65. These Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. These Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. These Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. These Defendants deny the allegations contained in paragraph 68 of the Complaint.

## COUNT THREE

The allegations contained in "COUNT THREE" of the Complaint are directed at other defendants herein and not against these answering Defendants; if any allegation or averment

contained in COUNT THREE is intended to allege or infer that these Defendants, or either of them, are liable to Plaintiff for any reason whatsoever, then they are denied.

69. These Defendants incorporate herein by reference for all purposes all and singular of their affirmative averments, defenses, admissions and denials heretofore set forth.

70. These Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. These Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. These Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. These Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. These Defendants deny the allegations contained in paragraph 74 of the Complaint.

## COUNT FOUR

The allegations contained in "COUNT FOUR" of the Complaint are directed at other defendants herein and not against these answering Defendants; if any allegation or averment contained in COUNT FOUR is intended to allege or infer that these Defendants, or either of them, are liable to Plaintiff for any reason whatsoever, then they are denied.

75. These Defendants incorporate herein by reference for all purposes all and singular of their affirmative averments, defenses, admissions and denials heretofore set forth.

76. These Defendants deny the allegations contained in paragraph 70 of the Complaint.

77. These Defendants deny the allegations contained in paragraph 71 of the Complaint.

78. These Defendants deny the allegations contained in paragraph 72 of the Complaint.

## PRAYER FOR RELIEF

These Defendants deny that they, or either of them, are liable to Plaintiff for any sum or form of relief whatsoever.

73. These Defendants deny the allegations contained in that certain unnumbered paragraph of the Complaint beginning with the word "WHEREFORE", including subparagraphs (a), (b), (c), (d), and (e ), *inclusive*.

74. These Defendants deny each and every allegation and averment contained in the Complaint and not heretofore admitted or denied.

AND NOW, having asserted their defenses and responded to the Complaint, Defendants Tallahatchie County, Mississippi, and Ginger Meriwether, Coroner, pray that the Complaint herein as against them be dismissed with full prejudice, all costs accrued herein to be borne by Plaintiff.

This the 9th day of May, 2022.

                                        Respectfully submitted,

                                        Tallahatchie County Coroner Ginger Meriwether and Tallahatchie County, Mississippi
                                        Defendants

                                   By: */s/ Robert J. Dambrino III*
                                        Robert J. Dambrino III (MB#5783)
                                        Attorney for Defendants

Of Counsel:

GORE, KILPATRICK & DAMBRINO PLLC
Attorneys at Law
P.O. Box 901
Grenada, MS 38902-0901
Ph.    662.226.1891
Fx.    662.226.2237
Eml.   alane@gorekilpatrick.com

**CERTIFICATE OF SERVICE**

I, the undersigned Robert J. Dambrino III, one of the attorneys for Defendants, Tallahatchie County Coroner Ginger Meriwether and Tallahatchie County, Mississippi, do hereby certify that I have this day served all counsel of record in this case by forwarding the same electronically via ECF, which sent such notification to all counsel of record herein.

This the 9th day of May, 2022.

/s/*Robert J. Dambrino III*
Robert J. Dambrino III  (MB# 5783)