**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JOCELYN MCLEAN**                                                                        **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 22-cv-00033-DPJ-FKB**

**FORMER MISSISSIPPI DEPUTY CHIEF**
**MEDICAL EXAMINER J. BRENT DAVIS,**
**M.D., ET AL.**                                                                        **DEFENDANTS**

---

**REBUTTAL IN FURTHER SUPPORT OF DEFENDANT J. BRENT DAVIS, M.D.'S**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

---

**INTRODUCTION**

The Court should grant Defendant J. Brent Davis, M.D.'s ("Dr. Davis") motion for partial

judgment on the pleadings on Plaintiff Jocelyn McLean's ("Plaintiff") Fourteenth Amendment §

1983 claim because Plaintiff fails to allege facts showing that her claim cannot be brought under

the Fourth Amendment. Plaintiff's articulation of the Fifth Circuit's holding in *Cole v. Carson*,

802 F.3d 752, 772 (5th Cir. 2015), fails to comport with the *Cole* opinion itself or the opinions of

multiple district courts applying *Cole*. Because Plaintiff has alleged a constitutional violation

cognizable under the Fourth Amendment—and indeed has separately asserted a Fourth

Amendment claim against Dr. Davis—she cannot state a claim under the Fourteenth Amendment

as a matter of law.

Plaintiff has cited no controlling authority that would permit her to state a claim under the

Fourteenth Amendment on the basis of the facts alleged in her complaint. For these reasons and

those set forth herein, Dr. Davis is entitled to partial judgment on the pleadings, and Plaintiff's

Fourteenth Amendment § 1983 claim should be dismissed with prejudice.

1

**ARGUMENT**

I. **THE COURT SHOULD DISMISS PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SHOWING THAT HER CLAIM CANNOT BE BROUGHT UNDER THE FOURTH AMENDMENT.**

A. **Plaintiff misapprehends the rule and holding articulated by the Fifth Circuit in _Cole v. Carson_.**

Following its analysis of controlling and persuasive authorities in _Cole v. Carson_, the

Fifth Circuit concluded that "**where there is no more specific constitutional protection**

**available**, the Fourteenth Amendment may offer protection" to a plaintiff alleging constitutional

violations arising out of his or her arrest. _Cole v. Carson_, 802 F.3d 752, 772 (5th Cir. 2015),

_vacated sub nom. Hunter v. Cole_, --- U.S. ---, 137 S. Ct. 497, 196 L.Ed.2d 397 (2016) _and_

_opinion reinstated in part_, 935 F.3d 444 (5th Cir. 2018) (en banc) (emphasis added). Applying

this newly-enunciated rule to the facts of that case, the Fifth Circuit held that "[w]here police

intentionally fabricate evidence and successfully get someone falsely charged with a felony as

cover for their colleagues' actions, **and the Fourth Amendment is unavailing**, there may be a

due process violation." _Id._ at 773 (emphasis added).

Citing _Cole_, the Fifth Circuit subsequently reaffirmed that "[e]ven supposing that

_Albright_[1] might not have eliminated all due process protection against an officer's allegedly

unconstitutional conduct, the situations in which the Fourteenth Amendment could conceivably

provide an avenue to relief would be limited." _Jones v. Perez_, 790 Fed. Appx. 576, 582 (5th Cir.

2019). The Fifth Circuit further implied that only a "narrow class" of cases would fall within the

ambit of its holding in _Cole_. _See id._

---

[1] _Albright v. Oliver_, 510 U.S. 266 (1994). _Albright's_ relationship to the instant motion is discussed at pages 6-7 of Dr. Davis' memorandum of authorities (Dkt. #22).

On one occasion in the wake of *Cole*, the Fifth Circuit remarked that "[t]his court

recently announced [in *Cole*] that there is a 'due process right not to have police deliberately

fabricate evidence and use it to frame and bring false charges against a person.'" *Morgan v.*

*Chapman*, 969 F.3d 238, 250 (5th Cir. 2020).  Citing *Cole*, the Fifth Circuit in *Morgan*

concluded that it would not be futile for a plaintiff to amend his complaint to pursue both Fourth

and Fourteenth Amendment claims, seemingly without consideration of whether the Fourth

Amendment would be unavailing.  *See id.*  However, the Fifth Circuit held that it would be the

district court's decision as to whether the plaintiff should be allowed to amend his complaint,

particularly where the defendants contended that he had waived any Fourth Amendment claim.

*See id.* at n.8.  Because the *Morgan* plaintiff's ability to assert a Fourth Amendment claim in the

first instance remained uncertain due to the defendants' allegations of waiver, *Morgan* should not

be read as a repudiation of the "Fourth-Amendment-is-unavailing" prong of the Fifth Circuit's

holding in *Cole*.[2]

Multiple district courts in the Fifth Circuit have confirmed—both in principle and in

application—that a Fourteenth Amendment claim may only lie pursuant to *Cole* where the

Fourth Amendment is unavailing.  The Northern District of Mississippi, for instance, has noted

that pursuant to *Cole*, "[a] plaintiff may be able to assert a substantive due process violation if he

can demonstrate that he was deliberately falsely charged, **and Fourth Amendment relief is**

**unavailable**." *Sanders v. Itawamba County*, No. 1:18CV116-RP, 2018 WL 3846314, at \*3

(N.D. Miss. Aug. 13, 2018), *aff'd*, 772 Fed. Appx. 254 (5th Cir. 2019) (emphasis added).  *See*

*also Forbes v. Harris County, Tex.*, Civil Action No. H-17-2256, 2019 WL 2085670, at \*5 (S.D.

---

[2] *See Tyson v. Daspit*, Case No. 6:19-CV-00726, 2020 WL 5876706, at \*4 (W.D. La. Oct. 1, 2020)
(acknowledging *Morgan* but nevertheless applying "Fourth-Amendment-is-unavailing" prong of Fifth
Circuit's holding in *Cole*).

Tex. May 13, 2019), *aff'd*, 804 Fed. Appx. 233 (5th Cir. 2020) (noting that Fifth Circuit in *Cole* "held that '[w]here police intentionally fabricate evidence and successfully get someone falsely charged with a felony as cover for their colleagues' actions, *and the Fourth Amendment is unavailing*, there may be a due process violation'" (emphasis added)); *Richards v. Cannon*, No. 5:14cv111-JRG-CMC, 2016 WL 1084187, at *4 n.3 (E.D. Tex. Mar. 21, 2016) (same).

Consistent with the foregoing, district courts in the Fifth Circuit have held that to state a Fourteenth Amendment claim pursuant to *Cole*, a plaintiff must allege facts sufficient to show that a claim cannot be brought under the Fourth Amendment. For instance, the Western District of Texas reaffirmed that, pursuant to *Cole*, "[a] person may have a Fourteenth Amendment due process claim based on manufactured evidence if '[1] police intentionally fabricate evidence and successfully get someone falsely charged . . . and [2] the Fourth Amendment is unavailing.'" *Saturn v. Barnett*, Cause No. A-16-CA-505-LY, 2016 WL 7392240, at *3 (W.D. Tex. Dec. 20, 2016) *adopted by* 2017 WL 9850919 (W.D. Tex. Jan. 12, 2017) (ellipsis and numerals in original). The district court in *Saturn* accordingly held that to state a Fourteenth Amendment claim under *Cole*, "[i]n addition to showing intentional police fabrication, **the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment.**" *Id.* (emphasis added).

The Western District of Louisiana has applied *Cole* in identical fashion, confirming that to state a Fourteenth Amendment claim pursuant to *Cole*, "the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment." *Guillory v. Dalbour*, Civil Action No. 2:15-cv-02452, 2016 WL 5415072, at *5 (W.D. La. Sept. 27, 2016). The court held that, under *Cole*, the plaintiff "failed to state a claim for relief under the Fourteenth Amendment"

because, in part, she failed to "plead[] . . . that the Fourth Amendment is unavailing."[3]  *Id.  See also Tyson v. Daspit*, Case No. 6:19-CV-00726, 2020 WL 5876706, at *4-5 (W.D. La. Oct. 1, 2020) (holding that plaintiff stated Fourteenth Amendment claim pursuant to *Cole* in connection with felony charges where he alleged that probable cause existed to arrest him on misdemeanor charges, thereby rendering Fourth Amendment unavailing).

In the case at bar, Plaintiff's assertion that Dr. Davis has "misinterpreted," Plaintiff's Resp. at 3 (Dkt. #40), the Fifth Circuit's holding in *Cole* is simply inaccurate, as confirmed by the aforementioned authorities.  Plaintiff's construction of the Fifth Circuit's holding in *Cole* is not borne out by the *Cole* opinion itself or the multiple federal authorities that have applied *Cole* in consideration of prospective Fourteenth Amendment claims.

Plaintiff concedes that *Saturn* and *Guillory* both stand "for the proposition that a plaintiff must affirmatively plead that a Fourth Amendment claim is unavailing in order to assert a Fourteenth Amendment claim for pretrial deprivations of due process."  *See* Plaintiff's Resp. at 8 (Dkt. #40).  While Plaintiff contends that these cases "do not cite any Fifth Circuit authority for [this] proposition," *id.*, that is incorrect.  Indeed, both cases cited *Cole*.  The district courts' articulation in *Saturn* and *Guillory* of the Fifth Circuit's holding in *Cole* is in keeping with the view of *Cole* espoused by the district courts in *Sanders*, *Forbes*, *Richards*, and *Tyson*, *supra*.

To the extent Plaintiff would rely on the fact that none of the aforementioned district court cases constitutes Fifth Circuit authority, that is no reason for this Court to reject the district courts' faithful application of *Cole* in these cases—especially since Plaintiff has not presented any Fifth Circuit authority mandating a contrary approach.  While Plaintiff attempts to

---

[3] The plaintiff in *Guillory* stated a "facially valid claim for an unlawful arrest in violation of the Fourth Amendment," and the fact that the defendants were entitled to qualified immunity on the plaintiff's Fourth Amendment claim did not render the Fourth Amendment "unavailing" for purposes of the court's analysis of *Cole*.  *See Guillory*, 2016 WL 5415072 at *5-6, 8.

distinguish *Saturn* and *Guillory* in particular as involving "arrests" as opposed to "incarcerations," *id.*, that is a distinction without a difference. Plaintiff has cited no controlling authority for the proposition that the Fifth Circuit's holding in *Cole* is so cabined.

Having failed to present any controlling authority negating *Cole's* pleading requirement as articulated in *Saturn*, *Guillory*, and *Tyson*, *supra*, Plaintiff has failed to present a cognizable legal theory permitting recovery under the Fourteenth Amendment in the absence of an allegation that the Fourth Amendment is unavailing.

B. **Plaintiff concedes that she has not alleged facts demonstrating that the Fourth Amendment is unavailing.**

As set forth in detail at pages 9-11 of Dr. Davis' memorandum (Dkt. #22), Plaintiff failed to allege facts showing that her claim cannot be brought under the Fourth Amendment. She points to no such factual allegations in response to Dr. Davis' instant motion for partial judgment on the pleadings. To the contrary, Plaintiff continues to pursue her separately asserted Fourth Amendment claim.[4] Accordingly, pursuant to the authorities set forth *supra*, as a matter of law, she cannot concurrently state a Fourteenth Amendment claim.

## CONCLUSION

Plaintiff has failed to identify any controlling authority that would permit her to pursue a Fourteenth Amendment claim in addition to a Fourth Amendment claim on the facts alleged in her complaint. For the reasons set forth herein and in his previously-filed memorandum of

---

[4] Dr. Davis has not challenged the facial validity of Plaintiff's <u>Fourth</u> Amendment claim on Rule 12(b)(6)/12(c) grounds. Consistent with *Cole* and the district court's analysis in *Guillory*, see *supra*, note 3, Dr. Davis' separate motion for partial summary judgment asserting qualified immunity should have no bearing on this Court's consideration of his instant motion for partial judgment on the pleadings. That is, consistent with *Cole* and pursuant to *Guillory*, the Fourth Amendment is not rendered "unavailing" for purposes of the *Cole* analysis by virtue of Dr. Davis' qualified immunity defense—even if this Court agrees that Dr. Davis is entitled to qualified immunity.

authorities (Dkt. #22), Dr. Davis is entitled to partial judgment on the pleadings, and Plaintiff's

Fourteenth Amendment § 1983 claim should be dismissed with prejudice.

THIS the 17th day of June, 2022.

Respectfully submitted,

J. BRENT DAVIS, M.D., DEFENDANT

By:    LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:    s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT J. BRENT DAVIS, M.D.

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant J. Brent Davis, M.D., do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 17th day of June, 2022.

s/Rex M. Shannon III
REX M. SHANNON III

7