IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **JOCELYN MCLEAN** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 22-cv-00033-DPJ-FKB** |
| **FORMER MISSISSIPPI DEPUTY CHIEF MEDICAL EXAMINER J. BRENT DAVIS, M.D., ET AL.** | **DEFENDANTS** |

### REBUTTAL IN FURTHER SUPPORT OF DEFENDANT J. BRENT DAVIS, M.D.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ASSERTING QUALIFIED IMMUNITY DEFENSE

### INTRODUCTION

The Court should grant Defendant J. Brent Davis, M.D.'s ("Dr. Davis") motion for partial summary judgment because Plaintiff Jocelyn McLean ("Plaintiff") fails to present competent summary judgment evidence demonstrating that Dr. Davis intentionally falsified the cause and manner of death identified in the autopsy report related to Emberly McLean. Nor has Plaintiff demonstrated that Dr. Davis recklessly falsified his report in violation of any clearly established law. For these reasons and those set forth herein, Dr. Davis is entitled to qualified immunity and summary judgment on Plaintiff's federal constitutional claims.

### ARGUMENT

**I. PLAINTIFF FAILS TO PRESENT COMPETENT SUMMARY JUDGMENT EVIDENCE DEMONSTRATING THAT DR. DAVIS INTENTIONALLY FABRICATED THE AUTOPSY REPORT RELATED TO EMBERLY MCLEAN.**

In support of her claim that Dr. Davis intentionally fabricated the autopsy report, Plaintiff relies exclusively on (1) statements contained in the answer filed by Defendants Tallahatchie County and Coroner Ginger Meriwether (hereinafter collectively "Tallahatchie County"); and (2)

1

statements contained in, and exhibits attached to, Dr. Davis' own affidavit.  Plaintiff has not submitted any affidavit or other evidence in response to Dr. Davis' motion.

The statements contained in Tallahatchie County's answer are not sworn and hence do not constitute competent summary judgment evidence.  *See Jones v. Anderson*, 721 Fed. Appx. 333, 335 (5th Cir. 2018).  Thus, the Court should refuse to consider such statements.  Regardless, despite asserting that medical records "were provided by Defendant Coroner Ginger Meriwether to Dr. Davis upon the occasion of submitting Emberly's body for forensic autopsy in September of 2016," Ans. of Tallahatchie County at 15, ¶ 56 (Dkt. #33), Tallahatchie County acknowledges that such records were hand-delivered "to the medical examiner's office"—<u>not</u> to Dr. Davis directly.  *See id.* at 6.  *See also id.* at 10, ¶ 20.  This is not inconsistent with Dr. Davis' testimony that he was not personally aware of receiving the Tallahatchie/LeBonheur records until October 2021.  Davis Aff. at 6, ¶ 33 (Dkt. #23-1).  Regardless, the assertions in Tallahatchie County's answer do not establish that Dr. Davis *intentionally falsified* the opinion contained in his report.

Plaintiff otherwise asserts that Dr. Davis' own affidavit testimony somehow suffices to create a fact issue regarding whether Dr. Davis intentionally fabricated the autopsy report.  First, Plaintiff asserts that given the coroner's autopsy permit and the infant's documented presentation at autopsy, Dr. Davis was aware, at that time, of the nature of recent medical interventions.  Even assuming for the sake of argument that this is true—which Dr. Davis denies since he had not yet seen the pertinent medical records—it does not establish that Dr. Davis *intentionally falsified* his opinion as to the cause and manner of death.  As set forth at pages 16-17, 22, in Dr. Davis' memorandum of authorities (Dkt. #24), Dr. Davis' medical opinion regarding the cause and manner of death was predicated on the findings he personally observed and documented at autopsy—namely, the hemorrhages in the soft tissues of the neck and the bilateral pleural

2

petechiae, both of which are consistent with strangulation deaths in infants. While Plaintiff may disagree that Dr. Davis' professional opinion was adequately supported by his own physical findings at autopsy, nothing contained in Dr. Davis' affidavit or its exhibits gives rise to any reasonable inference that he *intentionally falsified* the cause and manner of death.

Secondly, Plaintiff asserts that Dr. Davis' e-mail communications with ADA Jubera in August 2020 and April 2021 should have placed Dr. Davis on notice, prior to October 2021, of the nature of medical interventions reflected in the Tallahatchie/LeBonheur records. Plaintiff further argues that Dr. Davis is lying when he says he did not receive these records prior to October 2021. Dr. Davis' communications with ADA Jubera in 2020 and 2021 occurred years after the events in question and are not probative of any alleged intentional fabrication by Dr. Davis in November 2017, when he finalized the autopsy report. Regardless, Plaintiff has not produced competent summary judgment evidence to refute Dr. Davis' testimony explaining the course of events that transpired in connection with his communications with ADA Jubera. As set forth more fully *infra*, Plaintiff cannot create a fact issue sufficient to defeat qualified immunity by merely questioning Dr. Davis' truthfulness.

To the extent Plaintiff attacks Dr. Davis' affidavit by questioning his testimony regarding his professional habits and the routine practices of the State Medical Examiner's Office, Dr. Davis asserts that all such testimony is admissible pursuant to FED. R. EVID. 406. Such evidence, in affidavit form, is competent summary judgment evidence, and Plaintiff's argument on this point avails her nothing. *See Doe ex rel. Rothert v. Chapman*, 30 F.4th 766, 770 (8th Cir. 2022) (holding that Rule 406 "habit evidence is considered on summary judgment").

Plaintiff seeks to frame Dr. Davis' motion as requiring a credibility assessment. However, in the absence of any supporting affidavit or other competent evidence, Plaintiff has

3

failed to create a triable fact issue regarding Dr. Davis' credibility. Even in the context of qualified immunity, a plaintiff cannot "defeat summary judgment by merely asserting that the jury might, and legally could, disbelieve the defendant." *Shumpert v. City of Tupelo, Miss.*, Civil Action No. 1:16-CV-120-SA-DAS, 2017 WL 6803763, at *8 (N.D. Miss. Nov. 6, 2017). While Dr. Davis acknowledges that a "well-supported suspicion of mendacity" may serve as a basis for a reasonable inference concerning the ultimate facts at issue, see *Thomas v. Great Atl. & Pac. Tea Co.*, 233 F.3d 326, 331 (5th Cir. 2000), Plaintiff has not supported any such suspicion here—particularly where she criticizes Dr. Davis' "failures of memory" and has identified no evidence of improper motive. *See* Pl.'s Resp. at 12 (Dkt. #39). *See also Hathaway v. Bazany*, 507 F.3d 312, 322 (5th Cir. 2007) (holding that defendant's "failure to remember certain details does not amount to a 'well-supported suspicion of mendacity' undermining his credibility").

It is well settled that "[s]ummary judgment cannot be defeated through [c]onclusional allegations and denials, speculation, improbable inferences, [and] unsubstantiated assertions." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 582 (5th Cir. 2021). *See also Jones v. Gulf Coast Restaurant Group, Inc.*, 8 F.4th 363, 368 (5th Cir. 2021). Plaintiff has failed to produce competent summary judgment evidence showing that Dr. Davis *intentionally falsified* his opinion as to the cause and manner of Emberly McLean's death, or that he otherwise *intentionally fabricated* any aspect of his autopsy report. For this reason, standing alone, Dr. Davis is entitled to qualified immunity and summary judgment on Plaintiff's federal claims.

## II. PLAINTIFF FAILS TO IDENTIFY CLEARLY ESTABLISHED LAW GIVING FAIR NOTICE TO DR. DAVIS THAT ANYTHING SHORT OF AN INTENTIONAL FABRICATION OF EVIDENCE BY A MEDICAL EXAMINER IN AN AUTOPSY REPORT CAN VIOLATE ANYONE'S CONSTITUTIONAL RIGHTS.

Plaintiff has not identified any authority from the Fifth Circuit or the U.S. Supreme Court holding that a medical examiner who acts *recklessly*—but not *intentionally*—in formulating an

4

opinion in autopsy report violates the Fourth or Fourteenth Amendment rights of an individual who is later arrested in connection with such an opinion. Plaintiff asserts that *Hernandez v. Terrones*, 397 Fed. Appx. 954 (5th Cir. 2010), "explicitly supports" Plaintiff's federal claims. Pl.'s Resp. at 14 (Dkt. #39). However, nothing in *Hernandez* even remotely speaks to the propriety of a state medical examiner's conduct in relying on a coroner to provide complete medical records of a decedent in connection with a coroner-initiated autopsy. Thus, *Hernandez* fails to address the context of the instant case at all—much less with the level of specificity required to have afforded Dr. Davis fair notice. *See* Dr. Davis' Memo. at 5-7 (Dkt. #24).

Nor can Plaintiff so easily brush aside *Brewer v. Hayne*, 860 F.3d 819, 825 n.23 (5th Cir. 2017), wherein the Fifth Circuit stated that it would "not reach the question of whether recklessness in producing scientific evidence is sufficient to defeat qualified immunity." *See* Pl.'s Resp. at 15 (Dkt. #39). The Court made that statement in connection with Plaintiff's argument that a Tenth Circuit case held that recklessness is sufficient to defeat qualified immunity in this context. Had such a rule been "clearly established" in the Fifth Circuit in 2017, it is not unreasonable to assume that the Court would have referenced it here. Regardless, Plaintiff has not pointed this Court to any such Fifth Circuit authority.

Plaintiff's characterization of out-of-circuit authority as a "robust consensus," *id.* at 16, is equally unavailing. As set out at pages 25-26 of Dr. Davis' memorandum (Dkt. #24), the first three out-of-circuit cases cited by Plaintiff—only one of which, *viz.*, *Galbraith*, is on point— cannot qualify as a "robust consensus" to impute knowledge of any recklessness standard to Dr. Davis. *See McLin v. Ard*, 866 F.3d 682, 696 (5th Cir. 2017) (refusing to find a "robust consensus of persuasive authority" on basis of on-point authority from one circuit, where "a majority of circuit courts [had] not yet weighed in"). Plaintiff fails to address *McLin* at all in her response.

A fourth out-of-circuit case cited by Plaintiff, *Amrine v. Brooks*, 522 F.3d 823 (8th Cir. 2008), is undermined by *Hernandez*, 397 Fed. Appx. at 966, in which the Fifth Circuit held there was no "freestanding, clearly established constitutional right to be free from a reckless investigation."

Plaintiff has failed to point this Court to requisite authority establishing that—as of November 2017—Plaintiff had a clearly established right to be free from false arrest and pretrial detention based on anything short of a medical examiner's *intentional* fabrication in preparing an autopsy report. Thus, Plaintiff's allegations of recklessness cannot defeat Dr. Davis' assertion of qualified immunity.

### III. PLAINTIFF FAILS TO PRESENT COMPETENT SUMMARY JUDGMENT EVIDENCE DEMONSTRATING THAT DR. DAVIS ACTED RECKLESSLY.

Plaintiff's assertion to the contrary notwithstanding, in the context of evaluating qualified immunity, "[r]ecklessness requires proof that the defendant in fact entertained serious doubts as to the truth of the statement" in question. *See Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) (internal quotation marks omitted). Thus, "[t]o raise an issue of fact on recklessness, the Plaintiff must create a dispute of fact as to whether [the] Defendant . . . entertained serious doubts as to the truth of the relevant statement." *See Velasco v. City of Brownsville*, Civil Action No. 1:15-CV-143, 2017 WL 6443865, at *8 (S.D. Tex. Aug. 8, 2017). "This inquiry focuses on the actual state of mind of the Defendant." *See Yeager v. TRW, Inc.*, 984 F. Supp. 517, 524 (E.D. Tex. 1997).

In support of her assertion that Dr. Davis acted recklessly, Plaintiff relies on the same alleged facts on which she based her assertion of *intentional* wrongdoing. *See* Pl.'s Resp. at 17 (Dkt. #39). For the same reasons set forth in Part II, *supra*, Plaintiff fails to present any competent summary judgment evidence establishing that Dr. Davis recklessly falsified the cause and manner of death identified in his autopsy report.

Plaintiff further argues that Dr. Davis "had every reason to believe that his statements in [the] autopsy were false," Pl.'s Resp. at 18 (Dkt. #39), for two reasons—neither of which is availing. First, Plaintiff asserts that "the physical evidence indisputably documented extensive medical interventions." *Id.* However, Plaintiff has not produced any sworn expert testimony to support her characterization of the medical/forensic evidence, or to negate Dr. Davis' testimony regarding the propriety of his opinion (and his asserted bases therefor) as to cause and manner of death. Secondly, Plaintiff asserts that Dr. Davis received the Tallahatchie/LeBonheur records at some unspecified time prior to October 2021. *Id.* at 18-19. As discussed *supra*, however, Plaintiff has not produced any competent summary judgment evidence to support this assertion.

Having failed to produce competent evidence showing that Dr. Davis in fact entertained serious doubts as to the accuracy of his autopsy report, Plaintiff has failed to create a triable issue of fact relative to Dr. Davis' alleged recklessness. Thus, even if the Court were to find that recklessness violates clearly established law in this context, Plaintiff has failed to defeat Dr. Davis' assertion of qualified immunity. Further, Plaintiff failed to respond at all to Part II at pages 27-28 of Dr. Davis' memorandum (Dkt. #24). For this additional reason, Dr. Davis is entitled to qualified immunity.

## **CONCLUSION**

The burden lies with Plaintiff to demonstrate a violation of clearly established law. *See Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020). Having failed to produce competent summary judgment evidence demonstrating that Dr. Davis violated any right that was clearly established as of November 2017, Plaintiff cannot defeat his assertion of qualified immunity. For all these reasons, Dr. Davis is entitled to summary judgment on Plaintiff's federal constitutional claims.

THIS the 17th day of June, 2022.

        Respectfully submitted,

        J. BRENT DAVIS, M.D., DEFENDANT

By:    LYNN FITCH, ATTORNEY GENERAL
       STATE OF MISSISSIPPI

By:    s/Rex M. Shannon III
       REX M. SHANNON III (MSB #102974)
       Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT J. BRENT DAVIS, M.D.

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant J. Brent Davis, M.D., do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 17th day of June, 2022.

        s/Rex M. Shannon III
        REX M. SHANNON III