IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| JOCELYN MCLEAN | PLAINTIFF |
| VS. | CIVIL ACTION NO. 22-cv-00033-DPJ-FKB |
| FORMER MISSISSIPPI DEPUTY CHIEF MEDICAL EXAMINER J. BRENT DAVIS, M.D., ET AL. | DEFENDANTS |

### DEFENDANT J. BRENT DAVIS, M.D.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION FOR DISCOVERY ON DR. DAVIS' QUALIFIED IMMUNITY DEFENSE [DKT. #36]

### INTRODUCTION

The Court should deny Plaintiff Jocelyn McLean's ("Plaintiff") Rule 56(d) motion for discovery pertaining to Defendant J. Brent Davis, M.D.'s ("Dr. Davis") qualified immunity defense because Plaintiff has not satisfied the governing standard. The issues implicated by Dr. Davis' motion for partial summary judgment do not require further factual clarification. Additionally, Plaintiff's complaint is facially deficient as to any claim predicated on alleged recklessness. For these reasons and those set forth herein, Plaintiff's Rule 56(d) motion should be denied. If for some reason the Court determines that qualified immunity-related discovery is warranted and necessary, any such discovery should be narrowly tailored to discover only those facts the Court believes it needs to rule on Dr. Davis' qualified immunity defense.

### ARGUMENT

**I. PLAINTIFF'S RULE 56(d) MOTION SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT SATISFIED THE GOVERNING STANDARD.**

It is well settled that "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v.*

1

*LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). *See also Zapata v. Melson*, 750 F.3d 481, 484-85 (5th Cir. 2014) (same). Accordingly, and because qualified immunity is an immunity from suit itself and not merely liability, "qualified immunity should be decided as early in the litigation as possible." *See Randle v. Lockwood*, 666 Fed. Appx. 333, 336 n.6 (5th Cir. 2016). *See also Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). Thus, unlike the typical Rule 56(d) movant, a plaintiff seeking a Rule 56(d) continuance to conduct discovery in the face of a motion asserting qualified immunity "b[ears] a heavy burden." *See Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016).

Pursuant to the "careful procedure" established by the Fifth Circuit, a district court may defer its qualified immunity ruling and permit limited qualified immunity-related discovery <u>only</u> if (1) the court first finds that a plaintiff has pled "specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity"; and (2) having so found, the court "remains 'unable to rule on the immunity defense without further clarification of the facts.'" *See Backe*, 691 F.3d at 648. *See also Zapata*, 750 F.3d at 485. The latter step, if reached, requires the court to "identify any questions of fact it need[s] to resolve" before it can determine whether the defendant is entitled to qualified immunity. *Zantiz v. Seal*, 602 Fed. Appx. 154, 163 (5th Cir. 2015) (quoting *Zapata*, 750 F.3d at 484-85) (internal quotation marks omitted).

In the case at bar, Dr. Davis' motion for partial summary judgment asserting qualified immunity (Dkt. #23) implicates two threshold issues: (1) whether Dr. Davis intentionally falsified the cause and manner of death stated in the November 29, 2017, autopsy report pertaining to Emberly McLean ("Issue No. 1"); and (2) whether, as of November 29, 2017, there was a clearly established constitutional right to be free from arrest and pretrial detention

2

predicated on a medical examiner's "recklessness" in the preparation of an autopsy report ("Issue No. 2"). *See* Dr. Davis' Memo. at 9-26 (Dkt. #24). Only if the Court finds such a clearly established right in connection with Issue No. 2 do the following additional issues implicated by Dr. Davis' motion come into play: (3) whether Dr. Davis acted recklessly ("Issue No. 3"); and (4) if he did act recklessly, whether his conduct was nevertheless objectively reasonable ("Issue No. 4"). *See id.* at 26-28.

With regard to Issue No. 1, *supra*, Dr. Davis has submitted an affidavit meeting the allegations against him and explaining, to the best of his ability, the course of events that transpired in connection with this matter. *See* Affidavit of Dr. Davis (Dkt. #23-1). Attached as exhibits to Dr. Davis' affidavit were the key documents referenced in his affidavit testimony. In the absence of any allegation—much less evidence—of motive, and given Dr. Davis' undisputed actions in modifying his opinion in October 2021, it is unclear how any of the discovery Plaintiff seeks will assist Plaintiff in proving that Dr. Davis *intentionally* falsified the cause and manner of death stated in his November 29, 2017, autopsy report. Dr. Davis respectfully submits that "further clarification of the facts," *Backe*, 691 F.3d at 648, is unnecessary with regard to Issue No. 1, and thus the Court should deny Plaintiff's Rule 56(d) motion.[1]

With regard to Issue No. 2, *supra*, for the reasons set forth in detail in the briefing supporting Dr. Davis' motion asserting qualified immunity (Dkt. #23)—namely, the lack of a clearly established right—Plaintiff has failed to plead specific facts to defeat qualified immunity in connection with any federal claim predicated on alleged *recklessness*. *See* Dr. Davis' Memo. at 24-26 (Dkt. #24) and Dr. Davis' Rebuttal at 4-6 (Dkt. #45). It is well settled that "discovery in

---

[1] Having filed a 19-page memorandum of authorities in opposition to Dr. Davis' motion for partial summary judgment, Plaintiff appears to agree that further clarification of the facts is unnecessary to permit a ruling on Dr. Davis' qualified immunity defense.

the qualified-immunity context should not be sanctioned even if limited in scope if the pleadings are not sufficient." *See Axcess Med. Clinic, Inc. v. Easterling*, Civil Action No. 3:14CV112 DPJ-FKB, 2015 WL 5642975, at *7 (S.D. Miss. Sept. 24, 2015). For this additional reason, Plaintiff's Rule 56(d) motion should be denied pursuant to the procedure set out in *Backe*, *supra*.

In support of her Rule 56(d) motion, Plaintiff relies principally upon the rationale espoused by a district court in the Southern District of Texas, to the effect that a defendant "open[s] the door" to qualified immunity-related discovery by submitting an affidavit in support of the defendant's motion asserting qualified immunity. *See Converse v. City of Kemah, Tex.*, Civil Action No. 3:15-cv-00105, 2021 WL 5811726, at *3 (S.D. Tex. Dec. 7, 2021). Plaintiff has not cited any Fifth Circuit authority holding that discovery is mandated by virtue of a defendant's submission of an affidavit in support of a motion asserting qualified immunity. In fact, the Fifth Circuit has not hesitated to affirm the denial of a Rule 56(d) continuance, and the granting of summary judgment predicated on qualified immunity, where a defendant submitted his own affidavit. *See Mendez*, 823 F.3d at 337.

Plaintiff argues that it is unfair to expect her to rebut Dr. Davis' seven-page, 39-paragraph affidavit without the benefit of multiple depositions and written discovery. The Court should recognize that the notion of fairness in this context cuts both ways. Plaintiff filed a 20-page, 78-paragraph complaint asserting serious allegations of *intentional* wrongdoing against Dr. Davis. Complaint (Dkt. #1). Given the nature of these allegations, levied as they are at a medical professional who personally had no actual or alleged involvement in the decision to prosecute Plaintiff, it is not unreasonable to suggest that Plaintiff should have had requisite proof in hand *before* filing suit. *Cf. Blevins ex rel. Blevins v. E. Tallahatchie Sch. Dist.*, Civil Action No. 2:09-CV-151-M-A, 2010 WL 11520623, at *1 (N.D. Miss. Oct. 6, 2010). Regardless, in

4

invoking the defense of qualified immunity, Dr. Davis should be entitled to meet such allegations with his own sworn, responsive testimony without, *ipso facto*, subjecting himself to the very discovery that qualified immunity is in part designed to avoid. For all these reasons, Plaintiff's Rule 56(d) motion should be denied.

## II. IF THE COURT DETERMINES THAT QUALIFIED IMMUNITY-RELATED DISCOVERY IS WARRANTED AND NECESSARY, IT SHOULD BE NARROWLY TAILORED TO DISCOVER ONLY THOSE FACTS NEEDED TO RULE ON DR. DAVIS' QUALIFIED IMMUNITY DEFENSE.

In the event the Court finds that discovery is warranted under the procedure delineated in *Backe* and *Zapata*, *supra*, the Court's discovery order should be "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *See Backe*, 691 F.3d at 648 (internal quotation marks omitted). *See also Zapata*, 750 F.3d at 485. The Court should not permit discovery that is "avoidable or overly broad." *Id.* (internal quotation marks omitted). *See also Webb v. Livingston*, 618 Fed. Appx. 201, 206 (5th Cir. 2015).

Of the two threshold issues set forth in Part I, *supra*, only Issue No. 1 can implicate any question of fact. Issue No. 2 involves a question of law, which requires no discovery to resolve. Issue No. 3 and Issue No. 4 are not implicated at all unless and until the Court rules against Dr. Davis as to Issue No. 2. In the event the Court finds that further clarification of the facts is needed, any discovery order should limit discovery to those matters that are reasonably necessary to determine whether (1) Dr. Davis intentionally falsified the cause and manner of death stated in the November 29, 2017, autopsy report; and (2) if necessary, whether Dr. Davis acted recklessly and, if so, whether he nevertheless acted in an objectively reasonable manner.

If the Court deems any discovery to be necessary, Dr. Davis respectfully requests that the Court protect him from a fishing expedition. *See Watson o/b/o Estate of Watson v. City of Leland*, Civil Action No. 4:08CV161(M)(S), 2010 WL 11520694, at *2 (N.D. Miss. Apr. 28,

5

2010) (reaffirming that "federal qualified immunity law" bars "discovery [that] would amount to nothing more than a 'fishing expedition'"). To the extent the Court permits discovery at all at this juncture, it should be limited in scope to those matters that are relevant to the issues implicated by Dr. Davis' qualified immunity motion—and <u>only</u> to those matters on which the Court believes it needs further clarification before ruling on Dr. Davis' qualified immunity defense. *See Backe*, *Zapata*, and *Zantiz*, *supra*.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Rule 56(d) motion should be denied, and the Court should proceed to rule on Dr. Davis' motion for partial summary judgment asserting qualified immunity. If for some reason the Court determines that qualified immunity-related discovery is warranted and necessary, the Court should limit its scope to those facts the Court believes it needs to rule on Dr. Davis' qualified immunity defense.

THIS the 20th day of June, 2022.

Respectfully submitted,

J. BRENT DAVIS, M.D., DEFENDANT

By: LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT J. BRENT DAVIS, M.D.

## **CERTIFICATE OF SERVICE**

  I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant J. Brent Davis, M.D., do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

  THIS the 20th day of June, 2022.

                s/Rex M. Shannon III
                REX M. SHANNON III