**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOCELYN MCLEAN**                                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 22-cv-00033-DPJ-FKB**

**FORMER MISSISSIPPI DEPUTY CHIEF
MEDICAL EXAMINER J. BRENT DAVIS,
M.D., ET AL.**                                                             **DEFENDANTS**

---

**DEFENDANT J. BRENT DAVIS, M.D.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO LIFT THE STAY OF DISCOVERY [DKT. #38]**

---

## INTRODUCTION

The Court should deny Plaintiff Jocelyn McLean's ("Plaintiff") motion to lift the stay of discovery because the automatic stay provision of L.U.Civ.R. 16(b)(3)(B) applies with equal force to all claims asserted against all defendants.

Discovery is presently stayed by virtue of Defendant J. Brent Davis, M.D.'s ("Dr. Davis") filing of a motion for partial summary judgment asserting qualified immunity (Dkt. #23). Federal courts in Mississippi routinely hold that the automatic stay of discovery applies to state law claims, as well as to claims asserted against other defendants who have not filed motions asserting qualified immunity. Plaintiff has cited no authority for the proposition that the automatic stay only applies when qualified immunity would be case-dispositive, nor has Plaintiff demonstrated how enforcing the stay as to all defendants would unfairly prejudice her. Finally, as set forth in Dr. Davis' separately-filed response in opposition to Plaintiff Rule 56(d) motion (Dkt. #46), qualified immunity-related discovery is unwarranted in this case. For these reasons and those set forth herein, Plaintiff's motion to lift the stay should be denied.

## ARGUMENT

I. **PLAINTIFF'S MOTION TO LIFT THE STAY SHOULD BE DENIED BECAUSE THE AUTOMATIC STAY PROVISION OF L.U.Civ.R. 16(b)(3)(B) APPLIES WITH EQUAL FORCE TO ALL CLAIMS ASSERTED AGAINST ALL DEFENDANTS.**

It is well settled that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). *See also Zapata v. Melson*, 750 F.3d 481, 484-85 (5th Cir. 2014) (same). Accordingly, Local Rule 16 provides for an automatic stay of discovery upon a defendant's filing of a motion asserting qualified immunity, as follows:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

L.U.Civ.R. 16(b)(3)(B). Enforcement of Local Rule 16's automatic stay provision is common practice in Mississippi federal courts upon a defendant's filing of a qualified immunity motion. *See D.M. v. Forrest County Sheriff's Dep't*, Civil Action No. 2:20-CV-48-KS-JCG, 2020 WL 4873486, at *1 (S.D. Miss. Aug. 19, 2020).

With regard to non-qualified immunity-related discovery, federal courts in Mississippi have held that the automatic stay provision of Local Rule 16 applies across the board—both as to state law claims asserted against the moving defendant and to claims asserted against other defendants who have not filed motions invoking qualified immunity.

With regard to state law claims, the automatic stay provision of Local Rule 16 "contemplates that all discovery, including that pertaining to state law claims, be stayed." *Patterson v. City of McComb, Miss.*, Civil Action No. 5:18-cv-74(DCB)(MTP), 2018 WL 4471778, at *1 (S.D. Miss. Sept. 18, 2018). While there is precedent for allowing written discovery to proceed, during the pendency of an interlocutory appeal, regarding federal claims to which qualified immunity is inapplicable, see *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007)[1], federal courts in Mississippi have generally taken a different view towards state law claims when a district court considers qualified immunity in the first instance. That is, "Plaintiffs should not be permitted to circumvent the protections of qualified immunity merely by adding state tort allegations to their federal theories of recovery." *Mayfield v. Butler Snow LLP*, Cause No. 3:17-CV-514-CWR-FKB, 2017 WL 5616017, at *2 (S.D. Miss. Nov. 21, 2017). "Local Rule 16 and Fifth Circuit precedent . . . do not anticipate an end run around the stay by allowing discovery on related claims." *Patterson*, 2018 WL 4471778 at *2. Particularly where the plaintiff's "Section 1983 claims and his state law claims are predicated on the same facts[,] . . . . lifting the stay and allowing discovery to go forward on the state law claims would wholly undermine [the defendant's] right to discovery protection under Section 1983." *See id.* at *1. *See also Skinner v. Ard*, Civil Action No. 19-66-JWD-EWD, 2020 WL 2245179, at *5 (M.D. La. May 7, 2020).

---

[1] The issue before the Fifth Circuit in *Dusek* was "whether an interlocutory notice of appeal on the denial of a defendant's qualified immunity defense divests district courts of jurisdiction over all claims in a case, including those claims to which qualified immunity does not apply." *Doe v. El Paso County Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 3902303, at *8 (W.D. Tex. June 23, 2015). *Dusek* merely "confirms that discovery matters are left to the sound discretion of the district court" and should not be applied to undermine the precept that "a court should, whenever possible, resolve the qualified immunity issue early and avoid subjecting individual government officers to discovery that is unnecessary to resolving the qualified immunity question." *See id.* at *9.

With regard to multiple-defendant cases, the Northern District of Mississippi recently reaffirmed that it "has previously found it proper to stay all discovery in accordance with the local rule, even when an immunity motion is asserted on behalf of fewer than all defendants in a multi-defendant case." *Alexander v. Hall*, Civil Action No. 4:20-cv-21-SA-JMV, 2022 WL 879496, at *2 (N.D. Miss. Mar. 23, 2022) (citing *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 648 (N.D. Miss. 2013)) (granting motion to stay non-qualified immunity-related discovery as to all defendants pending ruling on motion of one defendant asserting qualified immunity defense). *See also Miss. Wildlife Fed'n v. Polles*, Civil Action No. 3:20-CV-683-HTW-LGI, 2021 WL 4433168, at *6, 10 (S.D. Miss. Sept. 27, 2021); *Imani v. City of Baton Rouge*, Civil Action No. 17-439-JWD-EWD, 2018 WL 2208221, at *7 (M.D. La. May 14, 2018).

With regard to the notion of lifting the stay to permit qualified immunity-related discovery, the Fifth Circuit has established a "careful procedure" by which a district court may take such action. *See Backe*, 691 F.3d at 648. Specifically, a district court may defer its qualified immunity ruling and permit limited qualified immunity-related discovery only if (1) the court first finds that a plaintiff has pled "specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity"; and (2) having so found, the court "remains 'unable to rule on the immunity defense without further clarification of the facts.'" *See id. See also Zapata*, 750 F.3d at 485.

In the case at bar, Plaintiff's motion to lift the stay in its entirety should be denied because it runs afoul of the qualified immunity protections underlying Local Rule 16's automatic stay provision as a matter of law. *See Patterson*, *Mayfield*, *Alexander*, and *Jones*, *supra*. Plaintiff has not presented any authority to the contrary.

4

Plaintiff argues that the stay should be lifted in its entirety because Dr. Davis' qualified immunity defense is not case-dispositive. Plaintiff asserts that "[t]he purpose underlying the automatic stay of L.U.Civ.R. 16(b)(3)(B) is to avoid subjecting a defendant to discovery if qualified immunity would dispose of the action." Plaintiff's Motion at 4 (Dkt. #41). In support of this assertion, Plaintiff cites a single case, *viz.*, *James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2020 WL 4370608 (N.D. Miss. July 30, 2020). *James* does <u>not</u> stand for the proposition that Local Rule 16's automatic stay provision only applies when a qualified immunity defense is case-dispositive, nor is any such statement contained in the district court's opinion in *James*. In fact, the district court in *James* only lifted the stay because the defendant expressly waived "the right to a stay" in the governing case management order. *See id.* at *3-5. Thus, *James* is distinguishable and has no application here.

Plaintiff has cited no authority for the proposition that enforcement of Local Rule 16's automatic stay provision is limited to instances in which qualified immunity would be dispositive of a plaintiff's entire case against the moving defendant. Indeed, federal courts in Mississippi routinely enforce the automatic stay when qualified immunity would not be case-dispositive as to the movant. *See, e.g., Polles*, 2021 WL 4433168, at *6, 10. The only claims against Dr. Davis to which qualified immunity does not apply are Plaintiff's state law claims of malicious prosecution and intentional infliction of emotional distress. *See* Plaintiff's Motion at 3 (Dkt. #41). Plaintiff asserts that these claims "implicate the same wrongful acts that are the subject of" Plaintiff's § 1983 claims. *Id.* at 4. Thus, pursuant to *Patterson*, *Mayfield*, and *Skinner*, *supra*, the automatic stay should remain in force as to Plaintiff's state law claims at least until the Court rules on Dr. Davis' qualified immunity defense.

Plaintiff further argues that "[d]elaying discovery [vis-à-vis the other defendants] would unfairly prejudice Plaintiff." *Id.* Plaintiff has cited no authority in support of this argument, nor has she presented any facts to support her assertion that enforcing the automatic stay will "unfairly prejudice" her. In the qualified immunity context, unsupported allegations of prejudice are insufficient to warrant lifting the automatic stay. *See Imani*, 2018 WL 22080221 at *4. Pursuant to *Alexander* and *Jones*, *supra*, the automatic stay should remain in force as to all defendants at least until the Court rules on Dr. Davis' qualified immunity defense.

For all these reasons, the Court should deny Plaintiff's motion to lift the stay in its entirety. For the reasons set forth in detail in his response in opposition to Plaintiff's Rule 56(d) motion, which are adopted and incorporated herein by reference, Dr. Davis further submits that the stay should not be lifted to permit qualified immunity-related discovery. *See* Dr. Davis' Resp. to Plaintiff's Rule 56(d) Motion (Dkt. #46).

## <u>CONCLUSION</u>

Plaintiff has presented no authority to support lifting—in its entirety—the automatic stay triggered by the filing of Dr. Davis' qualified immunity motion. Nor has Plaintiff satisfied the standard for lifting the stay to conduct qualified immunity-related discovery. For all these reasons, Plaintiff's motion to lift the stay should be denied, and the stay should remain in effect at least until the Court rules on Dr. Davis' qualified immunity defense.

THIS the 20th day of June, 2022.

Respectfully submitted,

J. BRENT DAVIS, M.D., DEFENDANT

By:     LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

6

By:     s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT J. BRENT DAVIS, M.D.

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant J. Brent Davis, M.D., do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 20th day of June, 2022.

s/Rex M. Shannon III
REX M. SHANNON III