IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOCELYN MCLEAN**   **PLAINTIFF**

**VS.**   **CIVIL ACTION NO. 22-cv-00033-DPJ-FKB**

**FORMER MISSISSIPPI DEPUTY CHIEF
MEDICAL EXAMINER J. BRENT DAVIS,
M.D., ET AL.**   **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT J. BRENT DAVIS, M.D.'S MOTION TO RECONSIDER DENIAL OF QUALIFIED IMMUNITY ON PLAINTIFF'S FOURTEENTH AMENDMENT § 1983 CLAIM PREMISED ON RECKLESSNESS

### INTRODUCTION

Defendant J. Brent Davis, M.D. ("Dr. Davis"), formerly a Deputy Chief Medical Examiner in Mississippi, respectfully asks the Court to reconsider its denial of qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness. The Court correctly granted qualified immunity to Dr. Davis on Plaintiff's *Fourth* Amendment § 1983 claim premised on recklessness. However, the Court denied (without prejudice) qualified immunity with respect to Plaintiff's *Fourteenth* Amendment § 1983 claim premised on recklessness, finding that Dr. Davis did not assert this argument until his reply brief.

Respectfully, Dr. Davis submits that he did in fact assert qualified immunity in defense of both of Plaintiff's constitutional claims—i.e., the Fourth *and Fourteenth* Amendment claims—in both his motion for partial summary judgment and supporting memorandum of authorities. Plaintiff acknowledged as much in her response, recognizing that—as a matter of law—the burden thereupon shifted to her to rebut Dr. Davis' assertion of qualified immunity with clearly-

1

established law. Having failed to do so, Plaintiff failed to meet her summary judgment burden as to her Fourteenth Amendment recklessness claim. For these reasons and those set forth herein, Dr. Davis respectfully requests that the Court would reconsider its ruling and grant him qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness.[1]

**STATEMENT OF FACTS**

This motion implicates the Court's application of the altered summary judgment standard attendant to motions asserting the defense of qualified immunity. It is well settled that "[a] qualified immunity defense alters the usual summary judgment burden of proof." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (internal quotation marks omitted). In the words of the Fifth Circuit, "[i]t is sufficient that the movant in good faith pleads that [he] is entitled to absolute or qualified immunity. [Citation omitted.] Once the [movant] *asserts* this affirmative defense, the burden *shifts* to the plaintiff to rebut it." *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633-34 (5th Cir. 2000) (internal quotation marks omitted) (italics in original).

In her Complaint filed against Dr. Davis and others, Plaintiff asserted only two federal constitutional claims against Dr. Davis—namely, a Fourteenth Amendment § 1983 claim (Count I) and a Fourth Amendment § 1983 claim (Count II). Complaint at 17-18, ¶¶ 59-68 (Dkt. #1). Both claims were premised on the allegation that Dr. Davis intentionally or recklessly fabricated an autopsy report, which Plaintiff contends resulted in her arrest and pretrial deprivation of liberty. *See id.*

On April 28, 2022, Dr. Davis filed a motion for partial summary judgment asserting the defense of qualified immunity as to <u>both</u> of Plaintiff's federal constitutional claims. *See* Dr.

---

[1] The instant motion does not seek reconsideration of any other ruling contained in the Court's Order [Dkt. #50] entered February 9, 2023.

Davis' Mtn. for Partial Summary Jmt. at 1, ¶¶ 1-2; 2, ¶ 5 and final para. (Dkt. #23). *See also* Mem. of Auth. in Support of Dr. Davis' Mtn. for Partial Summary Jmt. at 1-3, 5, 7 n.2, 8-9, 29 (Dkt. #24). In response to Dr. Davis' motion, Plaintiff acknowledged that Dr. Davis had asserted qualified immunity with regard to both of her constitutional claims. *See* Plaintiff's Resp. in Opp. to Dr. Davis' Mtn. for Partial Summary Jmt. at 2 (ECF p. 6), 4 (ECF p. 8), 13-14 (ECF pp. 17-18), 16 (ECF p. 20), 17 (ECF p. 21), 18 (ECF p. 22) (Dkt. #39).[2] She responded to Dr. Davis' motion with what she characterized as "a robust consensus" of persuasive authority that, according to her, establish that a "recklessly performed medical or scientific investigation can support claims under Section 1983 for violations of the Fourth and Fourteenth Amendments." *See id.* at 16 (ECF p. 20).

On February 9, 2023, this Court entered its Order granting in part and denying in part Dr. Davis' motion for partial summary judgment. Order (Dkt. #50). In its Order, the Court concluded that even assuming that the authorities cited by Plaintiff meet the particularity standard that the case law demands, these authorities do not in fact constitute "a robust consensus." Order at 18 (Dkt. #50). The Court granted Dr. Davis' motion with respect to Plaintiff's Fourth Amendment § 1983 claim premised on recklessness. *Id.* at 18.

The Court denied (without prejudice) Dr. Davis' motion with respect to Plaintiff's *Fourteenth* Amendment § 1983 claim premised on recklessness, finding that Dr. Davis "limit[ed] his summary-judgment arguments to the Fourth Amendment claim" and deferred argument on the Fourteenth Amendment claim until his reply brief. *See id.* at 13, 13 n.5, 19. Elsewhere in its Order, the Court acknowledged—correctly—that Dr. Davis' motion in fact sought summary judgment on claims asserted under both the Fourth and Fourteenth Amendments. *Id.* at 19.

---

[2] All of the record citations appearing in this paragraph are set forth more fully in the "Argument" section below.

Respectfully, Dr. Davis files the instant motion asking the Court to reconsider its application of the governing summary judgment standard, and to thereupon award him qualified immunity as to Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness.

## STANDARD FOR RECONSIDERATION

While the *Federal Rules of Civil Procedure* do not explicitly provide for a motion to reconsider, the Fifth Circuit has held that "such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *See Slater v. Houston Wire & Cable Co.*, Civil Action No. 3:19CV267-GHD-RP, 2021 WL 7541385, at *1 (N.D. Miss. Mar. 25, 2021) (quoting *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)) (internal quotation marks omitted). Where the defendant files such a motion within 28 days of entry of the order at issue, the motion is governed by FRCP 59(e). *See id. See also Bryant v. Miss. Div. of Medicaid*, No. 4:13–CV–00123–DMB–SAA, 2014 WL 6679169, at *1 (N.D. Miss. Nov. 25, 2014). A Rule 59(e) motion to reconsider may be granted when there is a "need to correct a clear error of law or prevent manifest injustice." *Neely v. Regions Bank, Inc.*, No 4:04CV106, 2007 WL 571111, at *1 (N.D. Miss. Feb. 20, 2007).

## ARGUMENT

**I. THE COURT SHOULD RECONSIDER ITS DENIAL OF QUALIFIED IMMUNITY TO DR. DAVIS ON PLAINTIFF'S FOURTEENTH AMENDMENT RECKLESSNESS CLAIM BECAUSE DR. DAVIS ASSERTED QUALIFIED IMMUNITY AS TO THIS CLAIM, AND PLAINTIFF FAILED TO REBUT THAT ASSERTION WITH CLEARLY-ESTABLISHED LAW.**

In its Order [Dkt. #50] entered February 9, 2023, the Court granted qualified immunity to Dr. Davis on Plaintiff's Fourth Amendment § 1983 claim premised on recklessness. Order at 18 (Dkt. #50). The Court declined to reach the question of whether Dr. Davis is likewise entitled to qualified immunity on Plaintiff's *Fourteenth* Amendment § 1983 claim premised on

4

recklessness, finding that Dr. Davis "limit[ed] his summary-judgment arguments to the Fourth Amendment claim" and deferred argument on the Fourteenth Amendment claim until his reply brief. *See id.* at 13, 13 n.5. Elsewhere in its Order, the Court acknowledged—correctly—that Dr. Davis' motion in fact sought summary judgment on claims asserted under both the Fourth and Fourteenth Amendments. *Id.* at 19.

Dr. Davis respectfully submits that pursuant to controlling precedent, his motion invoking qualified immunity as to both of Plaintiffs' constitutional claims shifted the burden to Plaintiff to rebut his assertion of qualified immunity relative to recklessness alleged under both the Fourth and the Fourteenth Amendments. Because Plaintiff failed to meet that burden, Dr. Davis should be awarded qualified immunity on Plaintiff's theory of recklessness under both the Fourth *and the Fourteenth* Amendments.

It is well settled in the Fifth Circuit that "[a]t the summary judgment stage of a § 1983 action, a defendant asserting immunity is not required to establish the defense beyond peradventure, as he would have to do for other affirmative defenses." *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003). Rather, "[i]t is sufficient that the movant in good faith pleads that [he] is entitled to absolute or qualified immunity. [Citation omitted.] Once the [movant] *asserts* this affirmative defense, the burden *shifts* to the plaintiff to rebut it." *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633-34 (5th Cir. 2000) (internal quotation marks omitted) (italics in original). A defendant's assertion that—as a government official—he is entitled to qualified immunity on a given claim is "sufficient to meet [his] summary judgment burden." *See id.* at 634. *See also Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022) (once defendant "invoke[s] a qualified immunity defense, the burden shifts to [plaintiff] to show the [defendant] violated his clearly established rights"); *Byrd v. Harrell*, 48 F.4th 343, 346 (5th Cir. 2022) (once

5

"government official has asserted qualified immunity, the burden shifts to the plaintiff to rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law") (internal quotations omitted). "The plaintiff bears the burden of negating the defense" of qualified immunity. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). "To meet this burden, the plaintiff[] must establish (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Craig v. Martin*, 49 F.4th 404, 409 (5th Cir. 2022) (internal quotation marks omitted).

In the case at bar, Plaintiff does not dispute that Dr. Davis, a former state medical examiner, see Complaint at 4, ¶ 2 (Dkt. #1), is entitled to invoke qualified immunity in defense of her constitutional claims. In his motion for partial summary judgment and supporting memorandum of authorities, Dr. Davis asserted qualified immunity in defense of both of Plaintiff's constitutional claims—i.e., her Fourth Amendment claim and her Fourteenth Amendment claim. Plaintiff acknowledged as much in her response. As a matter of law, the burden shifted to her to show that Dr. Davis violated a clearly-established right—guaranteed to her under the Fourth and/or Fourteenth Amendments—to be free from arrest and/or pretrial deprivation of liberty predicated on a medical examiner's "recklessness" in preparing an autopsy report. Because she failed to do so, Dr. Davis met his burden as the movant asserting qualified immunity with regard to Plaintiff's "recklessness" theory under both the Fourth and Fourteenth Amendments. He respectfully asks the Court to reconsider its ruling and award him qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness.

Plaintiff asserted only two federal constitutional claims against Dr. Davis—namely, a Fourteenth Amendment § 1983 claim (Count I) and a Fourth Amendment § 1983 claim (Count II). Complaint at 17-18, ¶¶ 59-68 (Dkt. #1). As confirmed by the following excerpts from Dr.

6

Davis' motion for partial summary judgment and supporting memorandum of authorities, Dr. Davis asserted qualified immunity in defense of <u>both</u> of these claims:

1. "Dr. Davis, formerly a Deputy Chief Medical Examiner in Mississippi, is entitled to summary judgment on Plaintiff Jocelyn McLean's ("Plaintiff") federal constitutional claims because Plaintiff cannot defeat qualified immunity." Dr. Davis' Mtn. for Partial Summary Jmt. at 1, ¶ 1 (Dkt. #23).

2. "Plaintiff cannot show that Dr. Davis violated any constitutional right that was clearly established at the time of the alleged conduct." *Id.* at 1, ¶ 2.

3. "Dr. Davis is entitled to judgment as a matter of law on Plaintiff's federal constitutional claims pursuant to FED. R. CIV. P. 56." *Id.* at 2, ¶ 5.

4. "WHEREFORE, PREMISES CONSIDERED, Defendant J. Brent Davis, M.D., respectfully requests that the Court make and enter its Order granting summary judgment to Dr. Davis on Plaintiff's federal constitutional claims." *Id.* at 2, final para. (all caps in original).

5. "Defendant J. Brent Davis, M.D. ("Dr. Davis"), formerly a Deputy Chief Medical Examiner in Mississippi, is entitled to summary judgment on Plaintiff Jocelyn McLean's ("Plaintiff") federal constitutional claims because Plaintiff cannot defeat qualified immunity. Plaintiff cannot show that Dr. Davis violated any constitutional right that was clearly established at the time of the alleged conduct." Mem. of Auth. in Support of Dr. Davis' Mtn. for Partial Summary Jmt. at 1 (Dkt. #24).

6. "Dr. Davis is entitled to qualified immunity and summary judgment on Plaintiff's federal constitutional claims." *Id.* at 2.

7. "Dr. Davis files the instant motion for summary judgment on Plaintiff's federal constitutional claims on the grounds that he is entitled to qualified immunity." *Id.* at 3.

8. "DR. DAVIS IS ENTITLED TO QUALIFIED IMMUNITY, AND HENCE SUMMARY JUDGMENT ON PLAINTIFF'S CONSTITUTIONAL CLAIMS, BECAUSE PLAINTIFF CANNOT SHOW THAT DR. DAVIS VIOLATED ANY CONSTITUTIONAL RIGHT THAT WAS CLEARLY ESTABLISHED AT THE TIME OF THE ALLEGED CONDUCT." *Id.* at 5 (all caps in original).

9. "Nevertheless, even if for some reason the Court were to deny Dr. Davis' separately-filed motion for partial judgment on the pleadings relative to Plaintiff's Fourteenth Amendment claim, the arguments and authorities set forth in the instant memorandum of authorities apply with equal force to that claim. Pursuant to the arguments and authorities cited herein, Dr. Davis is entitled to qualified immunity and summary judgment with respect to <u>both</u> of the federal constitutional claims asserted by Plaintiff." *Id.* at 7, n.2 (emphasis in original).

10. "In the distinct yet analogous context of Fourteenth Amendment due process claims, the Fifth Circuit held in June 2017 that a reasonable medical examiner would know that "<u>intentionally</u> creating false or misleading scientific evidence" violates a criminal defendant's due process rights. *See Brewer*, 860 F.3d at 824-26 (citing *Brown v. Miller*, 519 F.3d 231, 237 (5th Cir. 2008)) (emphasis added). However, where the plaintiff's evidence "is not suggestive of an <u>intent to fabricate</u>," and "the record tends to show that [a medical examiner] w[as] [merely] <u>negligent—perhaps grossly so</u>"—the medical examiner is entitled to

8

qualified immunity. *See id.* at 825-26 (emphasis added). *See also Dean v. Phatak*, 911 F.3d 286, 289-90 (5th Cir. 2018) (reaffirming that "unless a rational juror could find that [a medical examiner] <u>intentionally</u> misstated his finding, he is entitled to qualified immunity" in connection with Fourth and Fourteenth Amendment claims, and that "[n]egligence, even gross negligence, is not sufficient" to defeat qualified immunity) (emphasis added); *Crawford v. Caddo Parish Coroner's Office*, Civil Action No. 17-01509, 2019 WL 943411, at *18 (W.D. La. Feb. 25, 2019) (reaffirming that "negligent forensic work in a criminal case will not defeat a claim of qualified immunity")." *Id.* at 8-9 (underscores in original).

11. "Dr. Davis is entitled to qualified immunity and summary judgment on Plaintiff's federal constitutional claims." *Id.* at 29.

As confirmed by the following excerpts from Plaintiff's response to Dr. Davis' motion for partial summary judgment, Plaintiff unquestionably understood that Dr. Davis had asserted qualified immunity with regard to <u>both</u> of her constitutional claims—i.e., Count I (Fourteenth Amendment § 1983 claim) and Count II (Fourth Amendment § 1983 claim):

1. ". . . Davis contends that the Court should grant summary judgment on Counts I and II against him because he is entitled to qualified immunity." Plaintiff's Resp. in Opp. to Dr. Davis' Mtn. for Partial Summary Jmt. at 2 (ECF p. 6) (Dkt. #39).

2. "The Davis SJ Motion also seeks summary judgment on the Reckless Fabrication Claims . . . ." *Id.* at 4 (ECF p. 8).

3. "Davis contends that those Reckless Fabrication Claims should be dismissed because . . . there is only a 'paltry collection of out-of-circuit authority'

9

      recognizing that the reckless fabrication of an autopsy report can provide the basis for a plausible constitutional claim under the Fourth or Fourteenth Amendments." *Id.* at 13-14 (ECF pp. 17-18).

4. "... what Davis calls a 'paltry' collection of out-of-circuit authority is in fact a robust consensus from four Circuits—the First, Eighth, Ninth, and Tenth Circuit. Those Circuits all recognize that recklessly performed medical or scientific investigation can support claims under Section 1983 for violations of the Fourth and Fourteenth Amendments." *Id.* at 16 (ECF p. 20).

5. "Davis argues in the alternative that, even if a medical examiner's recklessness may defeat qualified immunity, Counts I and II should nonetheless be dismissed because 'Plaintiff cannot show that Dr. Davis acted recklessly.'" *Id.* at 17 (ECF p. 21).

6. "Davis also argues that qualified immunity will defeat the Reckless Fabrication Claims . . . ." *Id.* at 18 (ECF p. 22).

Based on the foregoing, there can be no doubt that in both his motion for partial summary judgment and supporting memorandum of authorities, Dr. Davis asserted the defense of qualified immunity with respect Plaintiff's Fourth *and Fourteenth* Amendment claims premised on recklessness. There can likewise be no doubt that Plaintiff recognized that the burden had shifted to her to cite clearly-established law supporting her theory of recklessness under the Fourth *and Fourteenth* Amendments. In an effort to meet that burden, she responded to Dr. Davis' motion with what she characterized as "a robust consensus from four Circuits—the First, Eighth, Ninth, and Tenth Circuit," and the argument that "[t]hose Circuits all recognize that recklessly performed medical or scientific investigation can support claims under Section 1983

10

for violations of the Fourth and Fourteenth Amendments." *Id.* at 16 (ECF p. 20). In its Order, the Court concluded that even assuming that the authorities cited by Plaintiff meet the particularity standard the case law demands, these authorities do not in fact constitute "a robust consensus." Order at 18 (Dkt. #50).

Because Plaintiff failed to meet her burden to support her theory of recklessness under the Fourth Amendment *or the Fourteenth Amendment*, the Court should reconsider its ruling and award Dr. Davis qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness. Respectfully, Dr. Davis submits that the fact that he concurrently filed a motion for partial judgment on the pleadings on Plaintiff's Fourteenth Amendment claim—on separate grounds—did not negate his assertion of qualified immunity with respect to that claim in his motion for partial summary judgment.

The relief requested herein satisfies the requirements of FRPC 59(e). Dr. Davis files the instant motion within 28 days of entry of the Court's Order granting in part and denying in part his motion for partial summary judgment. He respectfully submits that the Court's denial of qualified immunity on Plaintiff's Fourteenth Amendment recklessness claim constitutes a clear error of law pursuant to the burden-shifting standard reaffirmed in *Cousin*, *Beck*, *Templeton*, *Byrd*, *Michalik*, and *Craig*, *supra*. Further, as the Fifth Circuit has emphasized on numerous occasions, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery." *Bustillos v. El Paso Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018) (internal quotation marks omitted). If, as Dr. Davis contends, he is entitled to qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness, the scope of qualified immunity-related discovery will be narrowed considerably. The only constitutional claims that would then remain would be Plaintiff's Fourth and Fourteenth Amendment claims premised on

11

intentional conduct. Discovery conducted on these claims would properly be limited to Plaintiff's allegations of intentional fabrication. It is also true that the question presented in this motion impacts determinations bearing on any prospective interlocutory appeal, which further warrants reconsideration. For all these reasons, Dr. Davis' request for reconsideration is both timely and proper pursuant to FRCP 59(e).

## **CONCLUSION**

For the reasons set forth herein, Dr. Davis respectfully submits that the Court should reconsider its denial of qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness and grant Dr. Davis qualified immunity on that claim.

THIS the 14th day of February, 2023.

    Respectfully submitted,

    J. BRENT DAVIS, M.D., DEFENDANT

    By:    LYNN FITCH, ATTORNEY GENERAL
            STATE OF MISSISSIPPI

    By:    s/Rex M. Shannon III
            REX M. SHANNON III (MSB #102974)
            Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT J. BRENT DAVIS, M.D.

## **CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant J. Brent Davis, M.D., do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 14th day of February, 2023.

s/Rex M. Shannon III
REX M. SHANNON III
