**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOCELYN MCLEAN,                 :

             Plaintiff,        :

                                         Civil Action No.: 3:22cv33-DPJ-FKB
                v.             :

FORMER MISSISSIPPI DEPUTY CHIEF    :
MEDICAL EXAMINER J. BRENT DAVIS,
M.D.; FORMER MISSISSIPPI CHIEF        :
MEDICAL EXAMINER MARK
LEVAUGHN, M.D.; FORMER MISSISSIPPI   :
DEPUTY MEDICAL EXAMINER LIAM
FUNTE, M.D., PH.D. (f/k/a LISA FUNTE);    :
TALLAHATCHIE COUNTY CORONER
GINGER MERIWETHER; TALLAHATCHIE
COUNTY, MISSISSIPPI; AND MISSISSIPPI
BUREAU OF INVESTIGATION SPECIAL
AGENT JOSEPH MAUNEY,

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S OPPOSITION TO DEFENDANT J. BRENT DAVIS M.D.'S MOTION TO RECONSIDER DENIAL OF QUALIFIED IMMUNITY ON PLAINTIFF'S FOURTEENTH AMENDMENT § 1983 CLAIM PREMISED ON RECKLESSNESS**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF RELEVANT FACTS ................................................................................... 2

I. LEGAL STANDARDS GOVERNING MOTIONS FOR RECONSIDERATION ............. 3

II. DAVIS HAS NOT SATISFIED HIS BURDEN UNDER RULE 59 TO IDENTIFY A "CLEAR ERROR OF LAW" OR "MANIFEST INJUSTICE" THAT WOULD RESULT FROM THE COURT'S FEBRUARY 9 ORDER ............................................................... 4

A. Davis Fails to Identify a "Clear Error of Law" ........................................................ 4

B. Davis Fails to Identify Any "Manifest Injustice" ..................................................... 7

III. CONCLUSION ................................................................................................................. 9

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Beck v. Texas State Board of Dental Examiners*,
 204 F.3d 629 (5th Cir. 2000) .................................................................................................. 6

*Bustillos v. Mississippi Valley State University*,
 No. 4:12-CV-007-SA-JMV, 2013 WL 123730 (N.D. Miss. Jan. 9, 2013) ..................................... 7

*Byrd v. Harrell*,
 48 F.4th 343 (5th Cir. 2002) .................................................................................................... 6

*Cousin v. Small*,
 325 F.3d 627 (5th Cir. 2003) .................................................................................................. 6

*Davis v. Louisville Municipal School District*,
 No. 1:08-cv-249–SA–JAD, 2010 WL 1141097 (N.D. Miss. Mar. 22, 2010) .............................. 3, 4

*Moore v. Mississippi Gaming Commission*,
 No. 115-CV-00013-DMB-DAS, 2015 WL 13019615 (N.D. Miss. Nov. 2, 2015) ......................... 7

*In re Pequeño*,
 240 F. App'x 634 (5th Cir. 2007) ............................................................................................. 4

*Templeton v. Jarmillo*,
 28 F.4th 618 (5th Cir. 2022) ................................................................................................. 6-7

*Templeton v. Jarmillo*,
 No. A-19-cv-00848-JRN, 2020 WL 5552619 (W.D. Tex. July 8, 2020) ...................................... 7

*United States v. Gordon*,
 No. 11-CR-20752, 2013 WL 827501 (E.D. Mich. Mar. 6, 2013) .................................................. 7

**PRELIMINARY STATEMENT**

Defendant J. Brent Davis, M.D. ("Davis") took his best shot at convincing the Court to dismiss Plaintiff's constitutional claims against him through preliminary motions, but missed the mark in multiple respects. Plaintiff asserts two § 1983 claims—one based on the Fourteenth Amendment, and the other based on the Fourth Amendment—each of which alleges two alternative theories—one based on reckless conduct, and the other based on intentional conduct. Facing those allegations, Davis adopted a two-pronged strategy: (i) seek dismissal of Plaintiff's Fourteenth Amendment claim on Rule 12(c) grounds (Dkt Nos. 21, 22, "the Rule 12(c) Motion")); and (ii) seek summary judgment in his favor on Plaintiff's Fourth Amendment claim based on qualified immunity (Dkt. No. 23, 24, "the SJ Motion"). In support of the *latter* motion, Davis argued that "[t]he qualified immunity analysis in this case is controlled by the law governing *Fourth Amendment* claims," in contrast to the *former* motion, which related instead to "Plaintiff's alleged pretrial deprivations of liberty . . . under the *Fourteenth Amendment*." (Dkt. No. 24 at 7.)

On February 9, 2023, the Court denied the Rule 12(c) motion, and granted-in-part the SJ Motion, concluding that Davis was entitled to qualified immunity just on Plaintiff's Fourth Amendment § 1983 claim, and just as to Davis' reckless conduct. (Dkt. No. 50 at 18.) With regard to Plaintiff's recklessness-based claims under the Fourteenth Amendment, the Court took Davis at his word when he "stat[ed] that he is limiting his summary-judgment arguments to the Fourth Amendment claim, relying on his motion for judgment on the pleadings as to the Fourteenth Amendment claim." (Dkt. No. 50 at 13.)

After Davis lost his motion for judgment on the pleadings, he filed the present motion for reconsideration pursuant to Rule 59 (Dkt. Nos. 51, 52, "the Reconsideration Motion"). The Reconsideration Motion identifies no intervening change in law, and no new evidence that has recently become available. Nor does the Reconsideration Motion identify any clear errors in the

1

Court's reasoning or manifest injustice that would result from the Court's February 9 Order. How then does Davis attempt to meet his heavy burden to justify the extraordinary relief he seeks?

Davis asserts that despite his failure to substantively address the Fourteenth Amendment recklessness claims in his SJ Motion, and his affirmative representations that those claims were subject to a different motion, the Court should have taken it upon itself to comb through the caselaw and make Davis' summary judgment arguments for him. But Davis chose a particular strategy for his preliminary motions, and while that did not work out for him, such strategic failure provides no basis for the Court to reconsider its prior ruling. There is no clear error of law from requiring a litigant to clearly state and support the grounds for his summary judgment positions, and no manifest injustice from a denial without prejudice when a litigant fails to do so.

Thus, for the reasons discussed in greater detail below, Davis has failed to satisfy his substantial burden on the Reconsideration Motion, and it should be denied.

## STATEMENT OF RELEVANT FACTS

As this Court has already acknowledged, the facts of this case are indisputably "tragic." (Dkt. No. 50 at 1.) Plaintiff Jocelyn McLean had to face the traumatic death of her newborn daughter Emberly just days after her premature birth. Compounding that initial tragedy was an egregious violation of her constitutional rights by Defendant J. Brent Davis, M.D. and others, involving an autopsy report that falsely concluded that Emberly's death was a homicide caused by "blunt force injuries with features of strangulation," despite overwhelming physical and medical evidence negating that conclusion. Because of that fabricated evidence, a grand jury indicted Plaintiff for the capital murder of her daughter, and she was wrongfully incarcerated for nearly a year before securing bail. On the eve of trial, Davis recanted that fabricated autopsy report, and all charges against Plaintiff were dismissed.

After Plaintiff brought multiple claims for relief in this action, Davis filed two motions

2

seeking to dismiss the two constitutional claims asserted against him: (i) the Rule 12(c) Motion; and (ii) the SJ Motion. In connection with his SJ Motion, Davis filed a seven-page, thirty-nine paragraph affidavit and sixteen exhibits (consisting mostly of incomplete email communications involving Davis). Plaintiff opposed both motions (Dkt. No. 39), filed a motion to lift the automatic stay of discovery (Dkt. No. 38), and filed a motion for discovery pursuant to Rule 56(d) (Dkt. Nos. 36, 37, "the Rule 56(d) Motion"). In support of its Rule 56(d) motion, Plaintiff filed the Declaration of Robert B. McDuff, which, among other things, outlined several narrowly tailored topics on which Plaintiff sought discovery. (Dkt. No. 36-1, "the McDuff Declaration," ¶ 10.)

In an order dated February 9, 2023, the Court denied the Rule 12(c) Motion, granted the SJ Motion as to the recklessness claims based on the Fourth Amendment, denied the remainder of SJ Motion without prejudice, granted Plaintiff's Rule 56(d) Motion, and denied Plaintiff's motion to lift the stay of discovery without prejudice. (Dkt. No. 50.) The Court instructed the parties to contact Magistrate Judge Ball to set the case for settlement conference, which the parties did on February 13, 2023. No settlement conference has yet been scheduled.

On February 14, 2023, Davis filed the Reconsideration Motion. Although he does not specify particular grounds for his motion, he appears to be arguing that reconsideration of the Court's without-prejudice denial of qualified immunity from Plaintiff's Fourteenth Amendment claim for recklessness is necessary to "correct a clear error of law or prevent manifest injustice." (Dkt. No. 52 at 4.)

I. **LEGAL STANDARDS GOVERNING MOTIONS FOR RECONSIDERATION**

"Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Davis v. Louisville Mun. Sch. Dist.*, No. 1:08-cv-249-SA-JAD, 2010 WL 1141097, at

3

*1 (N.D. Miss. Mar. 22, 2010) (quoting *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009)). This District recognizes only three instances when a Rule 59(e) motion may be granted: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Davis*, 2010 WL 1141097, at *1 (citations omitted). While a motion for reconsideration is committed to the sound discretion of the district court, it is "an extraordinary remedy and should be used sparingly." *In re Pequeño*, 240 F. App'x 634, 636 (5th Cir. 2007) (citation omitted).

II. **DAVIS HAS NOT SATISFIED HIS BURDEN UNDER RULE 59 TO IDENTIFY A "CLEAR ERROR OF LAW" OR "MANIFEST INJUSTICE" THAT WOULD RESULT FROM THE COURT'S FEBRUARY 9 ORDER**

　　A.　**Davis Fails to Identify a "Clear Error of Law"**

Davis' principal argument is that the Court clearly erred in concluding that he failed to timely and properly set forth his argument as to why Plaintiff's Fourteenth Amendment recklessness claim is allegedly subject to qualified immunity. The Court committed no such error.

Davis announced his strategy for his preliminary motions in no uncertain terms: Plaintiff's Fourteenth Amendment claim should be dismissed for the reasons set forth in the Davis' Rule 12(c) motion, and Plaintiff's Fourth Amendment claim should be dismissed for the reasons set forth in the SJ Motion. (Dkt. No. 24 at 7.) According to Davis, that dichotomy meant that "the qualified immunity analysis is necessarily controlled by the law governing Fourth Amendment claims predicated on allegations of false arrest and unreasonable seizures without probable cause." (*Id.*) With regard to Plaintiff's well-pled allegations of Davis' recklessness, he contended that "[a]s of November 29, 2018, there was no clearly-established Fourth Amendment right to be free from arrest and pretrial detention predicated on a medical examiner's 'recklessness' in the preparation of an autopsy report." (*Id.* at 24.) He surveyed multiple circuits, all of whom had concluded that forensic personnel (including medical examiners) could be liable under the Fourth Amendment for

4

reckless conduct in connection with scientific analysis. Indeed, the only mention of the Fourteenth Amendment in this discussion was to a case that Davis characterized as involving "the *distinct* but analogous Fourteenth Amendment context." (*Id.* at 23-24.) In other words, Davis chose not to address that "distinct" constitutional question as a basis for summary judgment, and instead chose to rely on his Rule 12(c) motion to support his arguments to dismiss that claim.

Earlier in his SJ memorandum, Davis noted that "if for some reason the Court were to deny [his] separately-filed motion for partial judgment on the pleadings relative to Plaintiff's Fourteenth Amendment claim, the arguments and authorities set forth in the instance memorandum of authorities apply with equal force to that claim." (*Id.* at 7 n.2.) He cited no authority for the proposition that any law governing the Fourth Amendment applies automatically to the Fourteenth Amendment. The Court clearly did not overlook this footnote, or any other general references that Davis made to Plaintiff's two constitutional claims. On the contrary, the Court correctly deemed them inadequate to state a claim for qualified immunity for recklessness alleged under the Fourteenth Amendment because of: (i) Davis' clear "representation" that he was relying on his motion for judgment on the pleadings as to the Fourteenth Amendment claim; and (ii) "the absence of substantive analysis" from Davis regarding how recklessness allegations are regarded under the Fourteenth Amendment. (Dkt. No. 50 at 13.) In his Reconsideration Motion, Davis quotes liberally from his SJ Memorandum, but does not address the Court's finding that Davis himself represented that he was relying on his Rule 12(c) Motion to support dismissal of Plaintiff's Fourteenth Amendment claims, and likewise points to no substantive analysis on the Fourteenth Amendment in the SJ Motion.[1] (Dkt. No. 52 at 7-9.)

---

[1] The closest he comes is in paragraph 10 of the Reconsideration Motion, in which he again acknowledges that the Fourteenth Amendment context is "distinct," and cites a portion of his briefing discussing how the Fifth Circuit has recognized that intentional fabrication of scientific evidence can violate due process under the Fourteenth Amendment, in contrast to merely negligent conduct. (Dkt. No. 52 at 8-9.) Recklessness is never once discussed in that portion of his SJ brief, thus confirming that the Court correctly found that there was an absence of substantive analysis.

5

No matter, says Davis, purportedly because his single-sentence footnote and other off-handed references to challenging federal constitutional claims are enough to invoke qualified immunity under the applicable summary judgment standards. (Dkt. No. 52 at 11.) In his view, he could have dispensed with his SJ Memorandum entirely and still been entitled to summary judgment on the Fourteenth Amendment recklessness claims, because he raised the generic specter of qualified immunity for "constitutional claims." (Dkt. No. 52 at 5-6, 11.) But Davis cites no cases establishing that the Court clearly erred in concluding that his lack of substantive analysis and exclusive focus on the Fourth Amendment in the SJ Motion (in contrast to the exclusive focus on the Fourteenth Amendment in the Rule 12(c) Motion) was insufficient.

For instance, Davis cites *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003). But in *Cousin*, which was first heard by the Eastern District of Louisiana, the defendants filed a detailed memorandum, replete with substantive analysis and a clear argument as to which claims should be dismissed in light of absolute immunity and qualified immunity. (*See* Ex. A, at 12-29.) *Cousin* does not support Davis' argument that he could dispense with any substantive analysis, and merely bootstrap one constitutional theory onto what he acknowledges is a "distinct" constitutional context. Similarly misplaced is Davis' reliance on *Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629 (5th Cir. 2000). This case, from nearly a quarter-century ago, corrected the plaintiff's characterization of the "burden of proof for summary judgment," noting that "[t]he moving party is not required to put forth evidence to meet its summary judgment burden for a claim of immunity." *Id.* at 633. But the Court imposed no evidentiary burden on Davis here; it merely required Davis to clearly state the basis for his SJ Motion and provide supporting substantive analysis. Davis did neither.

Davis also relies on *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022). While Davis

6

merely cites a single, out-of-context quote from that case,² (Dkt. No. 52 at 5), the actual facts reveal how Davis (and not the Court) erred in his approach to summary judgment. In *Templeton*, the district court ultimately granted a Rule 12(c) motion for judgment on the pleadings for a Fourteenth Amendment claim and a Fourth Amendment claim. *Templeton v. Jarmillo*, No. A-19-cv-00848-JRN, 2020 WL 5552619, at *6 (W.D. Tex. July 8, 2020). But in seeking Rule 12(c) dismissal, the defendants filed a motion in which they specifically and separately discussed the Fourth and Fourteenth Amendment claims—something that Davis failed to do here. ³ (*See* Ex. B, at 8-16.)

### B. Davis Fails to Identify Any "Manifest Injustice"

Davis does not explicitly contend that the Court's February 9 Order has caused any manifest injustice; his only reference to "injustice" is when he cites the general standard under Rule 59. (Dkt. No. 52 at 4.) As a preliminary matter, there can be no manifest injustice here, because the Court merely denied portions of Davis' SJ Motion without prejudice. (*See* Dkt. No. 50.) Thus, he is free to advance summary judgment arguments relating to the Fourteenth Amendment at the appropriate juncture—but reconsideration pursuant to Rule 59 is not the correct vehicle to do so.

Davis also argues that if the Reconsideration Motion is granted, then "the only

---

²     Davis recites a similar quote from *Byrd v. Harrell*, 48 F.4th 343, 346 (5th Cir. 2002), but that was a prisoner pro se excessive force case that did not articulate distinct constitutional claims under Section 1983, as Plaintiff has done here. *Byrd* is therefore inapposite.

³     Davis makes much of the fact that Plaintiff cited caselaw relating to the Fourteenth Amendment in her opposition to the SJ Motion. (Dkt. No. 52 at 9-11.) But the fact that Plaintiff discussed this caselaw has nothing to do with the adequacy of Davis' SJ motion, and cannot undo his representation that he was relying on Rule 12(c) to support his requested dismissal of Plaintiff's Fourteenth Amendment recklessness claims. And while Davis did address certain Fourteenth Amendment-related arguments in reply, the Court correctly declined to take up those untimely arguments. *See, e.g.*, *Bustillos v. Miss. Valley State Univ.*, No. 4:12-CV-007-SA-JMV, 2013 WL 123730, at *6 (N.D. Miss. Jan. 9, 2013) (denying motion for summary judgment as to § 1983 claims brought against a defendant in his individual capacity because the arguments in support of dismissal were not advanced until the reply memorandum, and citing multiple cases in support); *Moore v. Miss. Gaming Comm'n*, No. 115-CV-00013-DMB-DAS, 2015 WL 13019615, at *4 (N.D. Miss. Nov. 2, 2015) (declining to consider arguments relating to the factors that govern Eleventh Amendment immunity that were raised "for the first time in the[] reply brief"); *United States v. Gordon*, No. 11-CR-20752, 2013 WL 827501, at *1-2 (E.D. Mich. Mar. 6, 2013) (denying motion for reconsideration where the defendant raised certain arguments "in his reply brief to the Government's response to [his] motion to suppress").

constitutional claims [against him] that would then remain would be Plaintiff's Fourth and Fourteenth Amendment claims." (Dkt. No. 52 at 11-12.) But that would be the case regardless of the outcome of the Reconsideration Motion. Based on the Court's February 9 Order, there are two constitutional claims against Davis, and even if the Reconsideration Motion is granted, there would *still* be two constitutional claims against Davis (in addition to two Mississippi state law claims that he has not challenged under Rule 12 or Rule 56).

At any rate, Davis contends that if the Reconsideration Motion is granted, then "the scope of qualified immunity-related discovery will be narrowed considerably." (Dkt. No. 11-12.) Davis' argument is flawed in multiple respects. *First*, Davis does not articulate which particular aspects of the qualified immunity-related discovery that the Court already granted should be narrowed—perhaps, in a tactic reminiscent of his SJ Motion, Davis is improperly planning to wait until the reply stage to make those contentions.[4] *Second*, the narrowly tailored discovery outlined in the McDuff Declaration was not specific to recklessness claims, but was instead designed, among other things, to test Davis' credibility and the veracity of the statements in his thirty-nine paragraph affidavit—issues that are critical to Plaintiff's claims that will survive regardless of the outcome of the Reconsideration Motion. For instance, as Plaintiff outlined in her opposition the SJ Motion, multiple statements in the Davis affidavit are directly contradicted by Davis' own documents and the sworn statements in the County Defendants' Answer. (Dkt. No. 39 at 6-11.) Whether Davis lied in his affidavit is relevant to all of the claims that will survive regardless of the outcome of the Reconsideration Motion, and the discovery that Plaintiff sought (and the Court ordered) is directed primarily to testing Davis' statements through testimony of the deponents identified in the McDuff Declaration and document discovery. (*See, e.g.*, Dkt. No. 50 at 20 ("But by submitting his own

---

[4] Indeed, despite submitting an affidavit and multiple incomplete documents, Davis' argument here appears to be a rehashing of his earlier argument that no further discovery (beyond what he self-servingly chose to submit) "is necessary to decide qualified immunity [on the intentional fabrication claims] because the Court should simply accept his side of things." (Dkt. No. 50 at 20.)

8

affidavit concerning his knowledge and state of mind, Davis has raised issues McLean should—in fairness—be allowed to test through discovery.").) *Third*, Davis has not asked the Court to reconsider its grant of Plaintiff's Rule 56(d) motion; without such a motion, there is no basis for Davis to argue that the Court's Order on Plaintiff's Rule 56(d) Motion should be modified. *Fourth*, the Court concluded that the discovery that it ordered was narrowly tailored to the "intentional-fabrication claim[s]" under the Fourth and Fourteenth Amendments—claims that will be in this case even if the Reconsideration Motion is granted. (*Id.* at 19-21.) The Court should therefore reject Davis' unsupported and unexplained contention that the Court-ordered discovery must be narrowed if reconsideration is granted.

Finally, Davis contends that his Reconsideration Motion "impacts determinations bearing on any prospective interlocutory appeal." (Dkt. No. 52 at 12.) Davis does not explain what "determinations" he is referring to, or what interlocutory appeal he is considering—or how such an interlocutory appeal would be possible for an Order that denied relief to Davis only "without prejudice." Thus, to the extent that Davis is threatening to file a (baseless) interlocutory appeal if his Reconsideration Motion is not granted, this threat appears to be little more than a dilatory tactic, designed to further delay any discussion of settlement or other resolution of this action.

## III. CONCLUSION

It has now been more than a year since Jocelyn McLean filed her Complaint in this action, seeking relief in connection with what Davis himself now acknowledges was nearly a year of wrongful incarceration on baseless capital murder charges, which would not have occurred but for the scientific evidence that was recklessly and intentionally fabricated by Davis and his co-defendants. Davis' Reconsideration Motion, which does not even attempt to satisfy the standards under Rule 59, appears to be little more than an attempt to delay the ultimate resolution of Plaintiff's claims. Such delay tactics cannot satisfy Davis' heavy burden to justify extraordinary

9

relief under Rule 59—particularly when Davis has failed to show any clear error of law or manifest injustice from the Court's careful consideration of the parties' extensive preliminary motion practice. For the foregoing reasons, the Reconsideration Motion should therefore be denied.

DATED: February 28, 2023                                   Respectfully submitted,

                                                           s/ *Edward L. Tulin*

Peter J. Neufeld (*pro hac vice*)                          Robert B. McDuff
Vanessa C. Potkin (*pro hac vice*)                         Miss. Bar No. 2532
M. Christopher Fabricant (*pro hac vice*)                  767 North Congress Street
Innocence Project                                          Jackson, MS 39202
40 Worth Street, Suite 701                                 (601) 259-8484
New York, NY 10013                                         rbm@mcdufflaw.com
(212) 364-5340
pneufeld@innocenceproject.org                              Tara Lang
vpotkin@innocenceproject.org                               T & G Lang Law Firm LLC
cfabricant@innocenceproject.org                            306 N. Market Street
                                                           Charleston, MS 38921
Edward L. Tulin (*pro hac vice*)                           (662) 783-5017
Gish PLLC                                                  taralang@tglanglaw.com
41 Madison Ave., 31st Flr.
New York, NY 10010                                         Paloma Wu
Tel: (212) 518-2332                                        Miss. Bar No. 105464
edward@gishpllc.com                                        Mississippi Center for Justice
                                                           5 Old River Pl., Ste. 203
                                                           Jackson, MS 39202
Maura Barry Grinalds (*pro hac vice*)                      (601) 709-0857
One Manhattan West                                         pwu@mscenterforjustice.org
New York, NY 10001
MauraBarry.Grinalds@probonolaw.com                         *Counsel for Plaintiff Jocelyn McLean*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2023, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

Dated: February 28, 2023

s/ *Edward L. Tulin*
Edward L. Tulin
