# Exhibit A to
# Plaintiff's Opposition to Davis' Motion for Reconsideration

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 16 PM 4: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION #00-0069 |
| Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION OF DEFENDANTS CONNICK,
### KENNEDY, BERRY AND JORDAN TO DISMISS
### OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, come the defendants, Harry F.

Connick, District Attorney in and for the Parish of Orleans, Assistant District Attorney Roger

Jordan, and former Assistant District Attorneys Greg Kennedy and Byron Berry, who move to

dismiss the claims brought against them under Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim upon which relief could be granted or, alternatively for Summary

Judgment for the reasons more fully set forth in the attached memorandum in support of these

motions.

Fee_____
Process_____
X Dktd U 40
CtRmDep_____
Doc.No. 25

Respectfully submitted,

**WESSEL & ASSOCIATES**
**A LAW CORPORATION**

_Victoria L. Bartels_

WILLIAM F. WESSEL (#8551)
VICTORIA BARTELS (#2791)
127 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 568-1112
Attorney for Defendants Connick, Berry
Jordan and Kennedy

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for plaintiff

by hand and all other parties to this proceeding, by mailing the same to each by First Class

United States Mail, properly addressed and postage prepaid on this 16TH day of January, 2001.

_Victoria L. Bartels_

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION #00-0069 |
| Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
| Defendants | * | |

*********************************************

## STATEMENT OF UNDISPUTED MATERIAL FACT

1.  On March 2, 1995, Michael Gerardi was shot and killed as he left the Port of Call Restaurant in the French Quarter in New Orleans, Louisiana.

2.  That the investigation into the murder of Michael Gerardi was conducted by NOPD Detectives.

3.  That as a result of the investigation, the NOPD Detectives assigned to the case sought and obtained arrest and search warrants for Shareef Cousin.

4.  That none of the DA Defendants participated in the investigation into the murder of Shareef Cousin.

5.  That none of the DA Defendants took any act in furtherance of the prosecution of Shareef

Cousin until following the arrest of Cousin and forwarding of the police report to the DA's Office by the NOPD.

6.     That on September 28, 1995, Plaintiff Shareef Cousin pled guilty to three counts of armed robbery in a separate prosecution, Docket No. 375-893 on the docket of the Criminal District Court for the Parish of Orleans; additionally Cousin pled guilty to one count of armed robbery in Docket No. 377-134;

7.     That on February 2, 1996, Cousin received a sentence of twenty (20) years for these armed robberies, and plaintiff is currently serving this sentence in the Louisiana State Penitentiary.

8.     That following arrest of Cousin for the murder of Michael Gerardi and the forwarding of the police report by the NOPD, DA Defendant Kennedy reviewed the police reports and evidence, prepared the case for presentation to the Grand Jury, and presented the case to the Grand Jury, and on May 25, 1995, an indictment for first degree murder against Shareef Cousin was returned.

9.     That DA Defendant Kennedy took no other action in connection with the prosecution of Shareef Cousin.

10.     DA Defendant Kennedy took no action in the prosecution of Shareef Cousin after May 26, 1995.

11.     That DA Roger Jordan reviewed the police reports and evidence, prepared the case against Shareef Cousin for trial, represented the State of Louisiana in pre-trial discovery and pre-trial motion proceedings, interviewed alibi witnesses identified by Cousin's

defense counsel, presented the case on behalf of the State of Louisiana against Shareef Cousin at trial, and represented the State of Louisiana at post-trial motion proceedings.

12. That DA Defendant Byron Berry assisted in the preparation of the case against Shareef Cousin for trial and in its presentation at trial and in the representation of the State of Lousiana at post-trial motion hearings.

13. That DA Defendant Byron Berry took no further action in connection with the case against Shareef Cousin following the filing of the appeal of his conviction by Shareef Cousin.

14. DA Defendant Byron Berry took no action in connection with the case against Shareef Cousin after May 17, 1996.

15. That following reversal and remand by the Louisiana Supreme Court on April 14, 1998, DA Defendant Roger Jordan represented the State of Louisiana in pre-trial discovery and pre-trial motion proceedings until he withdrew from the prosecution of Shareef Cousin in July or August, 1998.

16. That following his withdrawal from the prosecution of Shareef Cousin, DA Defendant Roger Jordan took no action in connection with the case against Cousin.

17. DA Defendant Roger Jordan took no action in the prosecution of Cousin after August 31, 1998.

18. That District Attorney Harry F. Connick took no personal action whatsoever in connection with the prosecution of Shareef Cousin.

19. Prior to the indictment of Cousin, the official policy of the Office of the District Attorney

recognizes the responsibility of state prosecutors to comply with the requirements of <u>Brady v. Maryland</u> and Assistant District Attorneys in Orleans Parish are expected to discharge their obligations under <u>Brady</u> in a professional and competent manner.

20. That Assistant District Attorneys in Orleans Parish are instructed to consult a supervisor in any case wherein he has doubt as to the application of <u>Brady</u> to any information in his possession and, together with his supervisor to decide whether to furnish the information in question to the trial judge for his review.

21. That the Office of the District Attorney in Orleans Parish has a program and policy of providing training and continuing legal education to its Assistant District Attorneys.

22. That the program of training of the Office of the District Attorney in Orleans Parish includes the offering of continuing legal education programs approved for CLE credit by the LSBA, which programs specifically cover the status of the law regarding pre-trial discovery and the requirements of <u>Brady v. Maryland</u>.

23. That the program of training of the Office of the District Attorney in Orleans Parish also includes the circulation to all Assistant District Attorneys of cases of import and/or significance in the criminal field generally, and to prosecutions in Orleans Parish specifically, including cases of the U.S. Supreme Court, the U.S. Fifth Circuit, the U.S.D.C. for the Eastern District of Louisiana, the Louisiana Supreme Court and the Louisiana Fourth Circuit.

24. That the Office of the District Attorney in Orleans Parish has a program of supervision of its Assistant District Attorneys.

its Assistant District Attorneys.

25.    The program of supervision of the Office of the District Attorney in Orleans Parish

includes the requirement that in all cases to be tried before a jury there be held a "Pre-

Trial Conference" between the Trial Assistant and the Chief of Trials to review the trial

brief and all issues and defenses anticipated to arise in the pending trial.

26.    The trial of Cousin for the murder of Michael Gerardi took place in January 1996, and he

was found guilty and sentenced to death.

27.    Prior to Cousin's trial, he was provided a copy of the Initial Incident Report which

contained the content of a statement given by witness Connie Babin to the police on

March 2, 1995.

28.    By June 4, 1998, defense counsel for Cousin was provided all of the information alleged

by them to be "Brady" material.

Respectfully Submitted,

WESSEL & ASSOCIATES
A LAW CORPORATION

*Victoria L. Bartels*

WILLIAM F. WESSEL (#8551)
VICTORIA L. BARTELS (#2791)
127 Camp Street
New Orleans, LA 70130
Telephone (504) 568-1112
Attorneys for the defendants Connick,
Berry, Jordan and Kennedy

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for

the plaintiff by hand and counsel for all other parties by placing same in the United States Mail,

first class postage prepaid and properly addressed this 16th day of January, 2001.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION  00-0069 |
| Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF MOTION

To:   **Shareef Cousin**
through his attorneys of record
Kern Reese, Esq.
1433 N. Claiborne Avenue
New Orleans, Louisiana 70116

Clive A. Stafford Smith, Esq.
636 Baronne Street
New Orleans, Louisiana 70113

Reginald J. Laurent, Esq.
1555 Poydras Street
New Orleans, Louisiana 70112

Please take notice that the undersigned counsel for Harry Connick, Byron Berry, Greg

Kennedy and Roger Jordan will bring on for hearing at the United States District Court, Section

R the attached Motion of Defendants Connick, Kennedy, Berry and Jordan to Dismiss or, Alternatively, for Summary Judgment on the 31st day of January, 2001, at 10:00 a.m.

Respectfully submitted,
**WESSEL & ASSOCIATES**
**A LAW CORPORATION**

_Victoria L Bartels_

WILLIAM F. WESSEL (#8551)
VICTORIA L. BARTELS (#2791)
127 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 568-1112
Attorney for defendants, Connick, Berry, Jordan and Kennedy

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for the plaintiff by hand and to all other parties to this proceeding, by mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this 16th day of January, 2001.

_Victoria L Bartels_

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAREEF COUSIN, | * | CIVIL ACTION #00-0069 |
|         Plaintiff | * | |
| | * | |
| versus | * | SECTION "R"/MAG. 2 |
| | * | |
| | * | |
| ANTHONY SMALL, et al | * | JURY TRIAL |
|         Defendants | * | |

*********************************************

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS CONNICK, KENNEDY, BERRY AND JORDAN TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

Plaintiff Shareef Cousin has brought this suit under 42 USC §§ 1983, 1985 and 1986 against Defendants Orleans Parish District Attorney Harry F. Connick, Assistant District Attorney Roger Jordan, and former Assistant District Attorneys Byron Berry and Greg Kennedy [the "DA Defendants"] in their individual capacities as well as in their official capacities. Plaintiff asserts claims of deprivation of his constitutional and/or civil rights, including false arrest, false imprisonment, unlawful search and seizure, malicious prosecution, defamation, fabrication of evidence, presenting perjured testimony and withholding of "Brady" material, all

1

in connection with Plaintiff's arrest and prosecution for first degree murder. Also named defendants were NOPD Detectives Anthony Small, Dwight Deal and Patrick Jones, as well as Superintendent of Police Richard Pennington and the City of New Orleans. Plaintiff also alleges that all of the defendants engaged in a conspiracy to deprive Plaintiff of his constitutional and/or civil rights. Additionally, Plaintiff asserts claims against Chief Pennington and Mr. Connick for failure to supervise the subordinate defendants and prevent the alleged deprivation of plaintiff's rights. Finally, plaintiff appends to his federal cause claims for redress of his rights under state law, including malicious prosecution and defamation. Defendants Connick, Jordan, Berry and Kennedy move for dismissal of the claims brought herein against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted to Plaintiff, or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56(c).

**Factual Background**

On March 2, 1995, Michael Gerardi was shot in the head as he and his date Connie Babin left the Port of Call Restaurant in the French Quarter of New Orleans and approached Mr. Gerardi's automobile parked in the 1300 block of Dauphine Street. Mr. Gerardi died of his injuries. In her initial statement given that night to police, Ms. Babin expressed doubt that she would be able to identify the perpetrators of the crime. [This statement is reflected in the initial police report which was provided to plaintiff's defense counsel prior to the trial.] When again interviewed by NOPD detectives on March 5, 1995 and asked for descriptions of the three

2

perpetrators, Ms. Babin told police officers that she could not describe the two accomplices because, at the time of the shooting, she had not been wearing her glasses or contact lenses. Ms. Babin was, however, able to give the police detectives a description of the shooter, whom she stated that she observed "at arm's length". She not only identified the race of the shooter, but also described his face ["an old man's face on a young man's body"], his size, his clothing and his general appearance.

Subsequently, police detectives showed Ms. Babin six different photo arrays containing photos of a total of thirty (30) different individuals. A photo of Plaintiff Shareef Cousin was included for a number of reasons, including an anonymous "Crimestopper" tip received which identified Mr. Cousin as the shooter in the Gerardi murder and because Cousin was already a suspect in a series of contemporaneous armed robberies in and around the French Quarter. Photos of other persons considered potential suspects were also included. Ms. Babin positively identified Plaintiff Shareef Cousin as the man who shot and killed Michael Gerardi. Plaintiff Shareef Cousin was also positively identified from the photo arrays by William Tierney, a French Quarter resident, who signed the back of the photo array. Plaintiff Cousin was also tentatively identified by Alonzo Larkins, a restaurant employee who had been on the street at the time of the shooting. On the basis of these identifications, NOPD Detective Small sought and, on the basis of probable cause found in Det. Small's affidavit, received a warrant authorizing the arrest of Shareef Cousin and the search of his home.

Following the arrest of Plaintiff Cousin, the NOPD forwarded its report to the Office of

3

the District Attorney in Orleans Parish. The case was assigned to then Assistant District

Attorney Greg Kennedy for screening. ADA Kennedy reviewed the police report and

interviewed Ms. Babin, finding her to be a credible witness and her testimony reliable. During

the screening process, ADA Kennedy was informed by Williard Hill, Cousin's defense counsel,

that Plaintiff Cousin was claiming an alibi for the time of the shooting. As a result, ADA

Kennedy interviewed a coach and a NORD playground supervisor. ADA Kennedy was satisfied

that neither of these persons could account for the whereabouts of Shareef Cousin at the time of

the crime. Following this review of the police report, ADA Kennedy arrived at a decision to

recommend presenting the case against Shareef Cousin to the Grand Jury. ADA Kennedy's

recommendation was accepted by the DA's "Charge Committee". ADA Kennedy informed

Williard Hill of his intention to present the case to the Grand Jury and the date upon which it

would be so presented. ADA Kennedy presented the case against Shareef Cousin to the Grand

Jury, and the Grand Jury returned an indictment of first degree murder against Shareef Cousin.

Defendant Kennedy took no further act in connection with the prosecution of Plaintiff Shareef

Cousin.

Ultimately, the prosecution of Shareef Cousin was assigned to Assistant District Attorney

Roger Jordan, who was at that time the "senior" assistant assigned to Section "I" of the Orleans

Parish Criminal District Court. In preparation for trial, ADA Jordan reviewed the police report

and evidence gathered by the NOPD, represented the State of Louisiana in pre-trial discovery and

motions, sent out DA "Notices to Appear" to witnesses, interviewed the witnesses who appeared

4

in response to these notices, selected the witnesses and evidence to present at trial, and generally prepared the case against Shareef Cousin for trial. During the course of preparing the case for trial, ADA Jordan requested that then Assistant District Attorney Byron Berry assist him in preparing the case for trial and to assist at trial as "second chair". ADA Berry prepared to examine the witnesses assigned to him by ADA Jordan, and generally assisted Jordan in preparing the case for trial. ADAs Jordan and Berry represented the State of Louisiana in the trial of Shareef Cousin on the charge of first degree murder which commenced on January 23, 1996.

During the trial, ADA Jordan presented the testimony of Connie Babin and Alonzo Larkin. While William Tierney refused to cooperate with the prosecution, Nicole Longchamp had also tentatively identified Cousin, and her testimony was offered to the jury instead. The prosecution also presented the testimony of James Rowell, who in order to secure more favorable treatment in connection with his own criminal prosecution for armed robbery, had disclosed incriminating statements, including a confession to the crime, made to him by Cousin. At trial, Rowell testified that Cousin had never made any incriminating statements to him. ADA Jordan was allowed to cross-examine Rowell using his prior inconsistent statements. ADA Jordan also made reference to Rowell's prior inconsistent statements in his closing argument. Following trial, the jury returned a verdict of guilty. Further, the jury recommended that Cousin receive the death sentence for the first degree murder of Michael Gerardi.

Following Cousin's murder conviction, a Motion for New Trial was filed on his behalf

5

which raised many of the issues which have been raised herein, including specifically (1) that Ms

Babin's statement of March 5, 1995 contained exculpatory information which should have been

provided to Cousin's defense counsel under Brady v. Maryland; and (2) that certain "alibi

witnesses" were required to remain in the DA's office during the trial. A hearing on Plaintiff

Cousin's Motion for New Trial was held on May 17, 1996. See Exhibit 1, a true and certified

copy of the Docketmaster, #376-479 on the docket of the Criminal District Court for the Parish

of Orleans, "State of Louisiana v. Shareef Cousin", at p. 5.

Following denial of the Motion for New Trial, a direct appeal to the Louisiana Supreme

Court was filed on behalf of Plaintiff Cousin. The Louisiana Supreme Court reversed Cousin's

conviction due to the use of the prior inconsistent statement of James Rowell. In the opinion of

the court, the value of the statement to impeach Mr. Rowell's credibility was outweighed by the

prejudicial impact of the statement's content. State v. Cousin, 710 So.2d 1065, 1071-72 (La.

1998). While the court characterized the 3/5/95 statement of Ms. Babin as "obviously

exculpatory" at FN2, the Supreme Court did not reach Mr. Cousin's claim that failure to provide

the defense with this statement before trial violated Brady v. Maryland. Ibid., p. 1073, FN8. The

case against Shareef Cousin was remanded to Criminal District Court for a new trial. The

prosecution of Shareef Cousin was re-assigned to ADA Roger Jordan.

During the course of pre-trial motions, pleadings filed on behalf of Shareef Cousin

specifically raised complaints regarding the use by the Office of the District Attorney of "Notice

to Appear" forms sent to witnesses. These DA forms were characterized as "false" or

6

"fraudulent" Article 66 subpoenas, referring to La. Criminal Code of Procedure, art. 66 which provides a vehicle whereby the District Attorney can compel pre-trial attendance of a witness for interview. These complaints, identical made in the Complaint herein, were raised no later than October 13, 1998. See Exhibit 1, Docketmaster, #376-479, p. 8.

In July or August of 1998, ADA Jordan withdrew from the prosecution of Shareef Cousin. ADA Jordan took no further action in connection with the case against Shareef Cousin. The prosecution was re-assigned to Assistant District Attorney Val Solino. During the course of pre-trial discovery, conducted on behalf of the State by ADA Solino, Plaintiff Cousin's defense counsel sought discovery of notes and audiotapes of statements given by the defense's "alibi witnesses", the only materials contained in the District Attorney's files which the defense did not already possess. The State of Louisiana resisted this discovery, inasmuch as the identities of the witnesses and the general content of their statements were already known to the defense. The only possible use of these notes and tapes was for the purpose of impeachment at trial, in the event the witness testified in a manner inconsistent with these previous statements. The statements were, therefore, potentially inculpatory as opposed to exculpatory. Following denial of a writ application filed on behalf of the State of Louisiana, ADA Solino provided the defense with these materials on January 7, 1999.

On January 8, 1999, the first degree murder charge against Shareef Cousin was nolle prosequied. This civil rights action was filed herein on January 7, 2000.

7

**Standard for Ruling on Defendants' Motion to Dismiss**

A court must dismiss a complaint if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint fails to so state a claim when it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling upon a motion to dismiss, the court must consider all disputed factual allegations to be true and resolve ambiguities or doubts in favor of the plaintiff. If it is apparent when the allegations are viewed in this light, that plaintiff can prove no set of facts which would entitle him to the relief sought under any theory of law, then the motion to dismiss must be granted. Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997). Conclusory allegations unsupported by factual allegations are not sufficient to survive a motion to dismiss under Rule 12(b)(6). Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278 (5th Cir. 1983).

**Standard for Ruling on Defendants' Motion for Summary Judgment**

Rule 56(c) provides for the granting of summary judgment if 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323-325, 106 S.Ct. 2548, 2552-2554(1986); and Kerr v. Lyford, 171 F.3d 330, 336 (5th Cir. 1999). If the mover succeeds in making that showing, the nonmoving party must set forth specific facts showing a genuine

8

issue for trial and may not rest upon the allegations or denials contained in its pleadings. Celotex, supra; and Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996)[pleadings do not constitute substantive evidence for the purpose of defeating summary judgment]. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50, 106 S.Ct. 2505, 2510-11 (1986). In order for a dispute to be "genuine", the evidence before the court must be such that a reasonable jury could return a verdict for the nonmoving party. Id., see also Judwin Properties, Inc. v. United States Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992). In the search for genuine, material factual dispute, the court reviews the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Lemelle v. Universal Mfg. Corp, 18 F.3d 1268, 1272) (5th Cir. 1993).

**Prescription**

No statute of limitations is provided in 42 USC §1983 or 1985. However, when a federal statute provides for a cause of action but offers no specific statute of limitaitons, federal courts generally look to state law for an analogous statute of limitations period, usually that for personal injuries. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). Under Louisiana state law, a plaintiff has one year from the time an action accrues to bring a personal injury law suit. La. Civil Code, art. 3492. Under current Fifth Circuit precedent, a cause of action accrues when the plaintiff has actual or constructive knowledge of

9

the injury he alleges was caused by defendant. <u>Helton v. Clements</u>, 832 F.2d 332, 334 (5th Cir.

1986). As the certified copy of the Docketmaster in #376-479, "State v. Cousin", Exhibit 1 and

the affidavits of Roger Jordan, Exhibit 4, and Val Solino, Exhibit 7, clearly show, plaintiff had

actual knowledge of all of the actions of the DA Defendants of which he complains more than

one-year prior to the filing of the complaint herein on January 7, 2000.

## Absolute immunity of Defendants Jordan, Berry and Kennedy in their individual capacities

It is well-settled that a state prosecuting attorney, acting within the scope of his duties in

initiating and pursuing a criminal prosecution and in presenting the state's case, is absolutely

immune in his individual capacity from a civil suit for damages under 42 U.S.C. §1983 for

alleged deprivations of the accused's constitutional rights. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96

S.Ct. 984 (1976). In so deciding, the U.S. Supreme Court reasoned that the role of the prosecutor

is so integral to the judicial process as to deserve this level of protection in order to insure

prosecutorial independence of judgment. The absolute immunity recognized in <u>Imbler</u> has been

applied to claims involving allegations of fabrication of evidence and coercion of perjured

testimony, <u>Lee v. Willins</u>, 617 F.2d 320 (2nd Cir. 1980); allegations of securing an indictment and

presenting false, coerced, and fabricated evidence, <u>Kerr v. Lyford</u>, 171 F.3d 330 (5th Cir. 1999);

allegations of withholding <u>Brady</u> material and presenting false testimony, <u>Carter v. Burch</u>, 34

F.3d 257 (4th Cir. 1994), allegations of malicious prosecution, presenting false testimony to and

10

withholding exculpatory information from the Grand Jury, and deliberately suppressing <u>Brady</u>

material, <u>Hill v. City of New York</u>, 45 F.3d 653 (2nd Cir., 1995).

In <u>Reid v. New Hampshire</u>, 56 F.3d 332 (1st Cir., 1995) , absolute immunity was found

to protect state prosecutors from suit based on allegations of willful, deliberate withholding of

<u>Brady</u> material, even when in direct violation of trial court orders and even when it was alleged

that the prosecutors repeatedly misled the trial court itself throughout the criminal proceedings.

The court cited the "...now well-settled rule that a prosecutor cannot be held personally liable for

the knowing suppression of exculpatory information. <u>Robinson v. Volkswagenwerk AG</u>, 940

F.2d 1369, 1372-73 (10th Cir. 1991)."

Generally speaking –

"Prosecutorial immunity from §1983 liability is broadly defined, covering
'virtually all acts, regardless of motivation, associated with [the prosecutor's]
function as an advocate.'"

<u>Hill v. New York</u>, <u>supra</u>, citing <u>Dory v. Ryan</u>, 25 F.3d 81, 83 (2nd Cir. 1994). Plaintiff Cousin

has alleged no action on the part of Defendants Kennedy, Berry or Jordan which took place

outside of the context of the prosecution and was not intimately associated with the role of the

prosecutor as advocate.

Nor can the plaintiff's allegations circumvent the protection afforded prosecutors by

<u>Imbler</u> by the expedient of including an allegation that the prosecutors conspired with others to

violate plaintiff's civil rights. <u>Dory v. Ryan</u>, 25 F3d 81, 83 (2nd Cir. 1994). The absolute

immunity afforded prosecutors has also been specifically applied to bar suits brought under

11

§1985 as well as those brought pursuant to §1983. White v. Bloom, 621 F.2d 276 (8th Cir. 1980); Universal Amusement Co., Inc. v. Hofheinz, 616 F.2d 202 (5th Cir. 1980).

**Absolute Immunity, or alternatively Qualified Immunity, of Defendant District Attorney Harry F. Connick**

Plaintiff has alleged no direct act on the part of Defendant Harry F. Connick in connection with his criminal prosecution for first degree murder. The sole factual allegation regarding conduct on the part of Mr. Connick is contained at ¶195, characterizing a reported statement of Mr. Connick's regarding Plaintiff's conviction as "defamation". Defamation is not, however, a constitutional tort and is not actionable under 42 USC §1983. Kerr v. Lyford, supra, 171 F.3d at 339.

Instead, all of the allegations against Defendant Connick relate to his supervisory position and authority over the Assistant District Attorneys in the Office of the Orleans Parish District Attorney, specifically Defendants Jordan, Berry and Kennedy. ¶s 288 and 291.[1] Supervisory officials generally cannot be held liable for their subordinates' actions. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). A supervisor may be held liable only if there exists either: 1) personal involvement in the Constitutional deprivation, or 2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Id.

---

[1]While Plaintiff's Complaint also asserts claims against Mr. Connick for failure to "supervise" and/or prosecute police officers for various alleged offenses, these allegations clearly do not state a claim upon which relief may be granted. Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973).

12

While supervision and training may, at some times, not be actions associated with the judicial process and therefore fall outside the absolute immunity afforded by <u>Imbler v. Pachtman</u>, state prosecutors are afforded a qualified immunity from suit under §1983 for all actions taken in "good faith". <u>Buckley v. Fitzsimmons</u>, 409 U.S. 259, 113 S.Ct. 2606 (1993); and <u>Burns v. Reed</u>, 500 U.S. 478, 111 S.Ct. 1934 (1991). Government officials performing their discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727 (1981).

In order to proceed against a public official asserting qualified immunity from suit for civil rights violations, a plaintiff must first allege a constitutional violation. <u>Siegert v. Gilley</u>, 500 U.S. 226, 231-32, 111 S.Ct. 1789 (1991). The court must then determine whether the right allegedly violated was clearly established at the time of the action of which the plaintiff complains and, if so, whether the defendant's conduct was objectively unreasonable in view of clearly established law. Id. At 231.

Plaintiff Shareef Cousin has alleged that Defendant District Attorney Harry Connick violated his civil rights by failing to adequately supervise and/or train his assistants. Plaintiff Cousin can cite no case which recognizes any constitutionally required specific program of training and/or supervision of assistant district attorneys. Defendant District Attorney Harry Connick's supervision and training of his assistants, as outlined and described in the affidavits attached hereto, is more than reasonable when measured by any objective standard.

13

**Claims against DA Defendants in their Official capacities**

A civil rights action brought under §1983 against a public official, in his official capacity, is a suit against the public entity he serves. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 1114 (1985). Claims brought herein against Defendants District Attorney Connick, Assistant District Attorney Jordan, and former Assistant District Attorneys Berry and Kennedy in their official capacities are in effect all suits against the same entity, the Office of the District Attorney in Orleans Parish. The doctrine of respondeat superior does not operate to make an entity liable for the constitutional torts of its agents. An entity may only be held liable for the constitutional torts of its agents when a policy, custom or practice of the entity itself was a cause in fact of the deprivation of plaintiff's civil rights. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct 2108, 56 L.Ed.2d 611 (1978); <u>Spiller v. City of Texas City</u>, 130 F.3d 162, 167 (5th Cir. 1997).

Three different ways have been recognized in which the requirement that an "official policy" cause the deprivation of plaintiff's rights can be met: (1) when a person charged with the responsibility of making policy for the entity promulgates a statement of policy and the subsequent act complained of is simply an implementation of that policy; (2) where, while no official policy is announced or promulgated, the act of such an official "policymaker" is itself the cause of the deprivation of plaintiff's rights; or (3) even when the entity's policymaker takes no affirmative action whatsoever, if the need to take some action to control the agents of the entity is so obvious, and the inadequacy of the existing policy and practice is so likely to result in the very

14

violation of constitutional rights alleged by plaintiff, then the failure to act on the part of the policymaker can reasonably be said to have been deliberately indifferent to constitutional rights, and the entity can be held liable for plaintiff's injury. Bryan County Commissioner v. Brown, 520 U.S. 397, 417, 117 S.Ct. 1382 (1997).

While Plaintiff Shareef Cousin has made the merely conclusory allegation of a policy of the Office of the District Attorney in Orleans Parish to withhold Brady material[2], he has failed to make any factual allegations sufficient to support such a conclusion. Further, there is no evidence to support such a conclusion, and DA Defendants are at the very least, entitled to summary judgment, dismissing the claims filed herein against them in their official capacities.

The written policy of the Office of the District Attorney, identified and attached to the Affidavit of Tim McElroy [Exhibit 6], as Exhibit "6-A", clearly recognizes the obligation of prosecutors to disclose exculpatory material under Brady v. Maryland. Assistant District Attorneys in the Parish of Orleans are expected to discharge their constitutional obligations under Brady in a professional and competent manner. The only DA Defendant who enjoyed any supervisory authority during the events of which Plaintiff complains was Defendant District Attorney Harry Connick. Mr. Connick is in fact the "final policymaker" of the Office of the District Attorney in Orleans Parish, but Plaintiff has failed to alleged any personal action taken

---

[2]The Complaint also makes conclusory allegations of a policy of the Office of the District Attorney in Orleans Parish to use "false" or "fraudulent" Article 66 subpoenas to compel or coerce witnesses to appear for interview at the Offices of the District Attorney. Plaintiff's allegation fails to state a claim upon which relief may be granted, since the thrust of his claim does not assert deprivation of his own civil rights, but rather those of witnesses. Plaintiff Cousin has standing to seek redress for the deprivation of the rights of others.

15

by Mr. Connick in connection with the prosecution of Plaintiff.

The sole avenue remaining open to Plaintiff is to allege a need for supervision and training so obvious and a program of supervision and training so inadequate as to demonstrate a "deliberate indifference" to the constitutional and/or civil rights of criminal defendants in Orleans Parish. While Plaintiff has asserted at ¶s 291-297 a claim against Defendant Connick for failure to train and supervise his assistants, Plaintiff makes no factual allegations regarding the policy of supervision and training which exists in the District Attorney's Office; nor does he make any factual allegations regarding the manner in which these programs are deficient or the way(s) in which these programs could be improved that would prevent the type of occurrence of which Plaintiff complains.

Even if the mere assertion of a claim against Mr. Connick which is contained within Plaintiff's list of causes at ¶291 et seq. is deemed sufficient to state a cause of action for failure to train and/or supervise, there is simply no evidence to support such a claim. The affidavits filed by Defendants in connection with this Motion for Summary Judgment, specifically the affidavits of District Attorney Harry Connick [Exhibit 5], Camille Buras [Exhibit 9], Tim McElroy [Exhibit 6], and Beryl McSmith [Exhibit 8], outline a comprehensive program of training and supervision conducted by the Office of the Orleans Parish District Attorney. Not only is each Assistant District Attorney employed by the Office a licensed attorney, qualified by his education and training to make the types of legal assessments and decisions required by Brady, but the Office affords additional training and supervision to each assistant on this issue as well as many

16

others.  By no standard of measurement could the programs and policies of the Orleans Parish

District Attorney's Office be characterized as "deliberately indifferent" to the constitutional right

of criminal defendants to the disclosure of <u>Brady</u> information.  Further, since plaintiff has offered

no evidence of any program or policy of training and/or supervision which could insure against

the <u>Brady</u> violations of the type he alleges, plaintiff has failed to demonstrate that any

deprivation of his constitutional rights was causally connected to a failure to train and/or

supervise on the part of the District Attorney in Orleans Parish.

**State Claims**

Plaintiff appends to his federal claims against the DA Defendants a number of claims

under state law.  However, Louisiana law has long refused to recognized any cause of action

against a state district attorney arising out of a criminal prosecution outside of a claim of

malicious prosecution.  <u>Foster v. Powdrill</u>, 463 So.2d 891 (La. App. 2nd Cir. 1985).   In addition,

in the case of <u>Knapper v. Connick</u>, 681 So.2d 944 (La. 1996), the Louisiana Supreme Court

recognized and applied to a suit for malicious prosecution an absolute immunity in favor of

Louisiana district attorneys.  Plaintiff's Complaint fails to state any claim against the DA

Defendants under state law upon which relief could be granted.

17

Respectfully Submitted,

**WESSEL & ASSOCIATES**
**A LAW CORPORATION**

*Victoria L Bartels*

WILLIAM F. WESSEL (#8551)
VICTORIA L. BARTELS (#2791)
127 Camp Street
New Orleans, LA 70130
Telephone (504) 568-1112
Attorneys for the defendants Connick,
Berry, Jordan and Kennedy

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for

the plaintiff by hand and counsel for all other parties by placing same in the United States Mail,

first class postage prepaid and properly addressed this 16th day of January, 2001.

*Victoria L Bartels*

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**