**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOCELYN MCLEAN**                                                               **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 22-cv-00033-DPJ-FKB**

**FORMER MISSISSIPPI DEPUTY CHIEF
MEDICAL EXAMINER J. BRENT DAVIS,
M.D., ET AL.**                                                             **DEFENDANTS**

**REBUTTAL IN FURTHER SUPPORT OF DEFENDANT J. BRENT DAVIS, M.D.'S
MOTION TO RECONSIDER DENIAL OF QUALIFIED IMMUNITY ON
PLAINTIFF'S FOURTEENTH AMENDMENT § 1983 CLAIM
PREMISED ON RECKLESSNESS**

## INTRODUCTION

Defendant J. Brent Davis, M.D. ("Dr. Davis") respectfully submits that the Court should reconsider its denial of qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness because his request satisfies the governing Rule 59(e) standard. Plaintiff has not shown otherwise. She cites no authority in support of her assertion that Dr. Davis—having invoked the defense of qualified immunity—was required to present "substantive analysis" demonstrating a lack of clearly-established law supporting her Fourteenth Amendment claim. As a matter of law, that burden fell to Plaintiff, and she failed to meet it. Because the Court's ruling erroneously placed the burden of disproving Plaintiff's Fourteenth Amendment recklessness claim on Dr. Davis, he respectfully submits that the Court should exercise its authority under FRCP 59(e) to reconsider its ruling and grant him qualified immunity on Plaintiff's Fourteenth Amendment recklessness claim. Dr. Davis does not seek reconsideration of any other ruling contained in the Court's Order [Dkt. #50] entered February 9, 2023.

1

<u>**ARGUMENT**</u>

**I. DR. DAVIS' REQUEST FOR RECONSIDERATION SATISFIES THE GOVERNING RULE 59(e) STANDARD, AND THE COURT SHOULD GRANT HIS MOTION TO RECONSIDER.**

**A. <u>Plaintiff fails to acknowledge the clear error of law that Dr. Davis submits, respectfully, is inherent in the Court's application of the governing summary-judgment standard as applied to the Fourteenth Amendment recklessness claim.</u>**

Dr. Davis' motion to reconsider is predicated on the Court's application of the Fifth Circuit's altered summary-judgment standard attendant to motions asserting the defense of qualified immunity. *See* Dkt. #52 at 2. Plaintiff does not dispute that because Dr. Davis was a state medical examiner—and thus a government official—at the time of the events made the subject of her complaint, he is entitled to assert qualified immunity. Rather, Plaintiff argues that Dr. Davis was required to present "substantive analysis" demonstrating a lack of clearly-established law supporting her Fourteenth Amendment claim. *See* Dkt. #55 at 2, 5-6. However, Plaintiff's view does not comport with the framework for qualified immunity analysis established by the Fifth Circuit.

As set forth in detail in Dr. Davis' memorandum in support of his motion to reconsider, it is settled law in the Fifth Circuit that once the government official "pleads," "asserts," or "invokes" the defense of qualified immunity, the burden shifts to the plaintiff to rebut it. *See* Dkt. #52 at 5-6. "[T]o shift the burden to the plaintiff, the public official <u>need not show</u> (as other summary-judgment movants must) . . . <u>entitlement to judgment as a matter of law</u>." *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (parenthetical in original, emphasis added). Plaintiff has cited no controlling authority requiring a government official-defendant to do anything more to shift the burden to the plaintiff in the context of qualified immunity than what the Fifth Circuit has explicitly and repeatedly said is required.

2

Dr. Davis did as much here. That is confirmed by the numerous excerpts from his motion for partial summary judgment and supporting memorandum appearing at pages 7-9 of his memorandum in support of his motion to reconsider (Dkt. #52). Consistent with the quoted portions of Plaintiff's summary-judgment response set forth in Dr. Davis' aforementioned memorandum, see Dkt. #52 at 9-10, nowhere in her response to the instant motion does she claim that in responding to the summary-judgment motion, she regarded that motion as *anything other than* an assertion of qualified immunity as to *both* of her constitutional claims. Once Dr. Davis—having established his right to assert qualified immunity—invoked the defense as to Plaintiff's constitutional claims, the burden shifted to Plaintiff to rebut the defense with clearly-established law. That burden <u>never</u> resided with Dr. Davis. Nothing in Plaintiff's response to the instant motion undermines this settled principle of Fifth Circuit law.

Plaintiff further argues that Dr. Davis failed to "state a claim for qualified immunity for recklessness alleged under the Fourteenth Amendment" because he simultaneously sought relief from the Fourteenth Amendment claim on separate grounds in his motion for partial judgment on the pleadings. *See* Dkt. #55 at 5. However, Plaintiff cites no authority for the proposition that a government official-defendant cannot seek to avail himself of the protections of qualified immunity while concurrently seeking alternative relief in defense of the plaintiff's claims.

Plaintiff's response fails to acknowledge the prescribed operation of the altered summary-judgment standard applicable in qualified immunity cases governed by Fifth Circuit precedent.[1] Dr. Davis respectfully submits that the Court's denial of qualified immunity with respect to

---

[1] Further illustrative of this are the authorities that Plaintiff cites in footnote 3 of her response, Dkt. #55 at 7, none of which involves the altered summary-judgment standard applicable to qualified immunity.

Plaintiff's Fourteenth Amendment recklessness claim constitutes a clear error of law, yet one that this Court can and should timely remedy by granting the instant motion to reconsider.

**B. Plaintiff refuses to recognize the manifest injustice inherent in the denial of qualified immunity on Plaintiff's Fourteenth Amendment recklessness claim.**

Plaintiff materially misquotes Dr. Davis as arguing that if his motion to reconsider is granted, then "the only constitutional claims [against him] that would then remain would be Plaintiff's Fourth and Fourteenth Amendment claims." Dkt. #55 at 7-8. Plaintiff omitted the last four words of the preceding sentence as it appears in Dr. Davis' supporting memorandum. Accurately quoted, the point made in Dr. Davis' brief is that if the Court grants his motion to reconsider, "[t]he only constitutional claims that would then remain would be Plaintiff's Fourth and Fourteenth Amendment claims *premised on intentional conduct*." Dkt. #52 at 11-12 (emphasis added). The larger point being that if the Court grants Dr. Davis qualified immunity as to Plaintiff's Fourteenth Amendment recklessness claim, then the scope of qualified immunity-related discovery will properly be limited to Plaintiff's allegations of intentional fabrication of an autopsy report.

Plaintiff references her counsel's Rule 56(d) declaration and argues that the scope of qualified immunity-related discovery will remain the same regardless of whether Dr. Davis is granted qualified immunity on her Fourteenth Amendment recklessness claim or not. *See* Dkt. #55 at 8. But that is simply not the case. For instance, in her counsel's declaration, Plaintiff asserts that she will require deposition testimony from Dr. Davis on such matters as the timing of receipt of medical records; the extent of staffing and budgetary constraints affecting the state medical examiner's office; that office's eligibility for certain accreditation; and interactions with the coroner's office and the district attorney's office. Dkt. #36-1 at 2-5. The scope of these and other referenced areas of inquiry will vary—in some instances drastically—depending on (a)

4

whether the claim against Dr. Davis is that at some discrete point in time, he deliberately falsified an autopsy report, leading to Plaintiff's arrest and pretrial detention; or (b) whether the factually and temporally broader claim of recklessness is likewise in issue.

As the Fifth Circuit has emphasized on numerous occasions, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery." *Bustillos v. El Paso Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018) (internal quotation marks omitted). Plaintiff cites no authority to the contrary. In its Order granting qualified immunity-related discovery, the Court directed that "[a]s for scope, any discovery must be 'narrowly tailored to rule on the immunity claims.'" Order at 21 (Dkt. #50). It appears that the Court will rely on the magistrate judge to address the proper scope of discovery pursuant to the qualified immunity rulings set forth in the Court's Order. *See id.* at 22. If, as Dr. Davis contends, the law affords him qualified immunity on Plaintiff's Fourteenth Amendment recklessness claim, he respectfully submits that a failure to protect him from pretrial discovery on that claim will work a manifest injustice warranting Rule 59(e) relief.

Lastly, Plaintiff attacks Dr. Davis' request that the issue at hand be resolved by this Court now given potential appeal considerations, asserting (without support) that any interlocutory appeal would be "baseless" and "little more than a dilatory tactic." Dkt. #55 at 9. Plaintiff fails to acknowledge the rationale underlying expeditious adjudication of the qualified immunity defense. It is well settled that "qualified immunity must be adjudicated at the earliest possible opportunity." *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) ("[t]he Supreme Court has repeatedly made clear that 'the driving force' behind qualified immunity is 'a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery,' and it has 'stressed the importance of resolving immunity questions at *the earliest possible stage*

in litigation'") (quoting *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)) (emphasis in original). Accordingly, "[a] denial of a motion for summary judgment on the issue of qualified immunity is immediately appealable, to the extent that the district court's order turns on an issue of law." *Kovacic v. Villareal*, 628 F.3d 209, 211 (5th Cir. 2010). *See also Garcia v. Orta*, 47 F.4th 343, 349 (5th Cir. 2022) (same).

The Court's application of the qualified immunity summary-judgment standard is an issue of law subject to immediate appellate review. Nevertheless, Dr. Davis respectfully seeks to avail himself of his qualified immunity rights as fully and expeditiously as the law allows, without the necessity of appeal considerations entering the calculus at this juncture. If the Court agrees, upon reconsideration, that the governing summary-judgment standard mandates the relief Dr. Davis seeks, affording him such relief now will avoid the manifest injustice inherent in burdening all parties with the prospect of any interlocutory appeal on this issue.

## CONCLUSION

As set forth in his memorandum supporting the instant motion, Plaintiff has failed to meet her burden of supplying this Court with clearly-established law supporting her Fourteenth Amendment recklessness claim. Dkt. #52 at 10-11. For the reasons set forth herein, Dr. Davis' motion to reconsider satisfies the standard for Rule 59(e) relief. He respectfully requests that the Court reconsider its denial of qualified immunity on Plaintiff's Fourteenth Amendment § 1983 claim premised on recklessness and grant him qualified immunity on that claim.

THIS the 3rd day of March, 2023.

Respectfully submitted,

J. BRENT DAVIS, M.D., DEFENDANT

By:  LYNN FITCH, ATTORNEY GENERAL
     STATE OF MISSISSIPPI

6

By:    <u>s/Rex M. Shannon III</u>
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT J. BRENT DAVIS, M.D.

## <u>CERTIFICATE OF SERVICE</u>

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant J. Brent Davis, M.D., do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 3rd day of March, 2023.

<u>s/Rex M. Shannon III</u>
REX M. SHANNON III

7